Judge Marshall
delivered the Opinion of the Court.
These are three several presentments for keeping a tippling house &c., without license; in each case, the party presented confessed the charge, and insisted that judgment should thereupon be rendered for one half of the penalty declared by the laws which relate to the particular offence. But judgment was, notwithstanding, rendered for the whole penalty .(of sixty dollars) in each case. And the only question in each case, is whether the judgment should have been rendered for more than half of the penalty.
This question arises under the third section of the act Ho provide against compounding penal prosecutions,’ .approved 3d of February, 1837, (Session ¿lets, 1836-7, *339 page 108,) which enacts “.that in all penal prosecutions, when judgment shall be confessed, the Commonwealth, or prosecutor, attorney, and informer, shall be entitled to the one half of that part of the penalty given to them by existing laws.”
When the language of a statute is intelligible, the courts must give it effect, according to its obvious meaning —notwithstanding its provisions are so extraordinary or peculiar, or so inaccurate ly expressed, as to induce a strong, suspicion that they do not convey the true legislative intention.
It is contended by the Attorney General, for the Commonwealth, that it was. not the intention of the Legislature, in enacting this section, to reduce the amount of the penalty in any case, but merely . to reduce, when judgment is confessed, the share or portion of the penalty given by existing laws, to the officers or private individuals who institute or carry on the prosecution; and that the section should have the same construction and effect as if, instead of the words ‘the Commonwealth, or prosecutor, attorney and informer,’ it contained the words ‘the Commonwealth’s or prosecuting attorney, and informer.’ But, although this change in the form of the words used would add to the perspicuity of the sentence, and to the consistency and appropriateness of its different parts; and although the argument, that such was the intention of the Legislature, derives some force from a recurrence to the language and provisions o .’ the two first sections of which the first speak Commonwealth’s or prosecuting attorney and the second speaks of the ‘inform utiff yet, as the same words which arc printed act before us, are also to bee enrolled bill, and in the engrossed bill therefore, there is no evidence of any mist printing or transcribing of the act after it passed from under the legislative scrut’ do not feel at liberty, upon our mere indiv position that the Legislature did not intend section to apply to any other persons than 10 whom the first and second relate, to re~ strk a operation by construction so as to exclude any of the persons or cases to which, upon a fair interpretation of the language used, it literally applies. Talcing the words as they are, it must be admitted that, however unusual or inappropriate it may appear, to say that the Commonwealth, who, by her laws, inffiets penalties, and apportions them in certain cases among her agents *340 and assistants, shall be entitled to one half of that partjf the penalty given to her by the existing laws, still, such language is quite intelligible. And as the words, ‘the Commonwealth,’ stand connected with the other words used in sentence as descriptive of the parties who are declared to be thus entitled, and is in the same case with them, the only admissible construction is, that when judgment is confessed, she, as well as the others, shall be entitled to but one half of that part of the penalty to which she would otherwise be entitled.
It is further contended that the section, thus construed, does not apply to cases in which, by the existing laws, the Commonwealth is entitled to the whole penalty, without any apportionment among her assistants.— It is true, the interest which the Commonwealth has in the penalty in such cases, is not described with strict accuracy, by calling it a ‘part of the penalty.’ But, is this such an incongruity as should absolutely control the construction of the section, and limit its operation to those cases only in which the Commonwealth has but part of the penalty? We think not. It clearly appears, frr the first part of the section, that the reduction prov it was intended to apply to ‘all penal prosecu judgment is confessed,’ and it is entirely maniu,: Merest of the Commonwealth is to be reduced w eduction is to be made; and this being so, it doe be reasonable that the mere fact that a general p; for describing various interests which are to be does not, in a particular case, describe with ace -- be interest of the Commonwealth, as it exists in the bould be taken as sufficient evidence of an intern inlude that case from the general provision; or s. ’erate to restrict the generality of other unequivocasions contained in the section.
If, then, the parties entitled to the penalty, <. the Commonwealth alone, where she is alone entitled, arc to receive but one half of the amount inflicted by existing laws, when judgment is confessed — the consequence is, that the penalty in such cases, is in effect reduced to one half,'and the judgment should be rendered accord *341 ingly, not for 'the whole, but for one half only of the penalty.
Wherefore, each of the judgments is reversed, and each case is remanded, with instructions to render a judgment therein for ($30) one half of the amount of the judgment as rendered.