## STATE vs. EMMET D. C. HEGEMAN.

*Criminal Law—Indictment—Adding an Endorsement to a Bill in the General Assembly—Construction of Statute—Bill—Endorsement.*

1. It is a well settled rule that penal statutes are to be construed strictly. The statute must be examined to find out whether the offense charged is within its terms.

2, Endorsements placed on the back of a bill of the character specified in the indictment are the minutes of the stage of its progress through the Legislature, usually made for convenience and identification, and are not parts of the bill. The presence or absence of such endorsements, their truth or falsity, do not make the bill in any respect different from what it was when it was first presented to the Legislature. They are not offenses enumerated in the act under which the indictment was framed.

3. A bill, according to Webster's definition, is "A form or draft of a law presented to a legislature, but not enacted." Under our Constitution, after a bill has passed both branches of the Legislature and received the approval of the Governor it becomes a law ; but until then it is a bill—a draft of a proposed law. The bill in question was precisely the same draft of a proposed law after, as before the endorsements were made.

(*May 3, 1899.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Alexander M. Daly, John B. Hutton* and *Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, April Term, 1899.

The defendant, Emmet D. C. Hegeman, was indicted at the said term of Court for unlawfully and feloniously adding an endorsement to a certain bill, then and there known as Senate Bill No. 62, etc., (for the substance of which indictment see the

opinion of the Court),—under *Chap. 276, Vol. 19, Laws of Delaware, Rev. Code, 974.*

The defendant was duly arraigned and entered a plea of not guilty and his case was set for trial on May 3, 1899; at which time, Mr. Daly, of counsel for defendant asked that the defendant be allowed to withdraw his plea of not guilty, as he desired to make a motion to quash the indictment.    The Attorney-General objected to the withdrawal of the plea.

Lore, C. J.:—You waive no right by a plea of not guilty. If it were necessary we would allow you to withdraw the plea, but it is not necessary.

*Mr. Daly* in making his motion to quash, presented the following brief:

*First.*   How penal statutes should be construed :

(*a*) Penal statutes must be construed strictly.—*Burr's case, 3 Harr., 351 ; Hall vs. State, 4 Harr., 141.*

(*b*) A criminal statute must be construed strictly in those parts which are against defendants and liberally in those parts which are in their favor ; that it is for their ease or exemption.
*Sneed vs. Commonwealth, 6 Dana, 338.*

(*c*) The degree of strictness will depend somewhat on the severity of the punishment they inflict.
*Randolph vs. State, 9 Tex., 521.*

(*d*) If in a criminal case requiring a strict construction the Court entertains a reasonable doubt of its meaning, the doubt will prevail in favor of the accused.
*Bishop on Crimes, 218.*

(*e*) The object is simply to ascertain the true legislative will ; to arrive at which is the end of all interpretation.

*Bishop on Crimes, 70 and 201 ; 15 Pick., 388-402.*

*Second.*   Admitting the allegations to be true, no offense was committed under the statute :

(*a*) For statute, see *Rev. Code, 974.*

(*b*) Bill—definition of Webster—a form or draft of a law presented to a legislature, but not yet enacted.   A proposed or projected law.—See also *16 Pa. State, 450 ; 13 Kan., 608-609 ; 91 Ind., 549 ; Const. of Del., Sec. 14, p. 14, also Sec. 18, p. 18.*

(*c*) The endorsements on the back of the bill can, therefore, form no part of the bill.

(*d*) The endorsements on the back are simply for the convenience of the clerks and are a part of their record.

(*e*) When the bill is read the endorsements form no part of that reading.

(*f*) This could be done orally as well as by writing if it were as convenient.

Counsel for the State contended that the endorsements on the bill were parts of the bill, and therefore covered by the act under which the indictment was framed.

LORE, C. J. :—Judge Spruance will announce the opinion of a majority of the Court.

SPRUANCE, J. :—The defendant, Emmet D. C. Hegeman, stands charged with violation of the act entitled "An Act to prevent tampering with legislative proceedings," passed May 13, 1891. *19 Laws of Delaware, Chap. 276.*
Section 1 of this act provides, " That whosoever shall wilfully

add to, alter, deface, erase, obliterate, mutilate, blot, blur, steal, hide, conceal, destroy or misplace, with intent to conceal, any bill pending before either branch of the General Assembly of this State, or any committee thereof, or any joint committee of the two Houses, shall be guilty of felony," &c., and " whosoever shall in like manner add to, alter, deface, erase, obliterate, mutilate, blot, blur, steal, hide, conceal, destroy, or misplace with intent to conceal, any act passed by the said General Assembly, shall be guilty of a like offense," etc.

The indictment against the defendant contains two counts, the first of which charges that he "did, with intent to conceal, then and there unlawfully and feloniously add an endorsement to a certain bill, then and there known as Senate bill, number 62, entitled 'An Act Providing a Penalty for the violation of Section 17 of Article 2 of the Amended Constitution,' then and there pending before the Senate, one of the branches of the General Assembly of the State of Delaware, in the words and figures following, to wit,

1st Read.     2d Read.

3–10–99

Miss. Business.

Passed:

    B. F. Sheppard,

            Clerk.

3–13–99

    Passed:

    B. F. Sheppard,

            Clerk,

and did then and there and thereby commit a felony against the form of the act," etc.

The second count differs from the first, only in the omission of the words " with intent to conceal," and in the omission of the first three lines of the endorsement.

It would be difficult to determine, in any aspect of this statute, for what purpose the words " with intent to conceal " were

inserted in the first count, because there is nothing in connection with this particular class of offenses—adding something to a bill —which is in the nature of a concealment. Under the statute it is an offense to conceal a bill, or to misplace a bill with intent to conceal, but concealment has no proper application to the act charged, viz., adding an endorsement to a bill.

It is a well settled rule that penal statutes are to be construed strictly. We must look to the statute to find out whether the offense charged is within the terms of the statute, and if it is not, the prisoner cannot be tried under this indictment.

Is the adding an endorsement to a bill, of the character specified in the indictment, one of the offenses enumerated in the act?

If it is so it must be because it is an addition to, or an alteration of a bill.

Our first inquiry must be, what is a bill? Webster's definition is, "A form or draft of a law, presented to a legislature, but not enacted."

Under our Constitution, after a bill has past both branches of the Legislature and received the approval of the Governor, it becomes a law; but until then, it is a bill—a draft of a proposed law. This bill was precisely the same draft of a proposed law, after, as before these endorsements were made.

Indeed it is not charged in the indictment, that the bill was altered or that anything was added to the body of the bill, but that certain endorsements were added to the bill.

Were the endorsements set forth in the indictment or either of them, part of the bill? The majority of the Court think they are not. The presence or absence of these endorsements, their truth or their falsity, did not make the bill in any respect different from what it was when it was first presented to the Legislature.

The Attorney-General furnished us with a very apt and appropriate definition when he said " that endorsements on a bill are the minutes of the stages of its progress through the Legislature." Such endorsements are usually put on the back of a bill for con-

venience and identification, but fuller minutes of the progress of a bill are to be found in the journals. Would anyone contend that the journals of the respective Houses, as to the progress of the bill in its various stages, through the Houses, were parts of the bill, or that under this statute a man could be indicted for altering or adding to such journals? Certainly not.

We therefore hold that the offense charged is not within the provisions of the said statute, and that the indictment is insufficient and should be quashed, and it is so ordered.

BOYCE, J., concurred.

LORE, C. J., (dissenting):—What constitutes a bill depends in my judgment upon its condition at the particular time referred to. A bill as originally introduced is subject to modification. Under legislative rules, and practice, while a bill is pending, it is added to by amendments and endorsements, from time to time, changing its meaning and showing its progress; when so added such amendments and endorsements become a part of that bill, each adding to its completion up to a certain point.

It is unquestionably true that the original draft is a bill when first introduced, then consisting of the paper on which it is written, and the writing itself, which includes the title and the text.

It is equally true that in its progress through the Legislature amendments are added, and when so added, whether written upon, attached to, or loosely placed within the original draft, they become a part of the bill at that stage.

In like manner, at every stage of its progress, under legislative rules and practice, there are added to the bill endorsements which show its condition from time to time, and constitute the original record of such progress. When so endorsed they become a part of the bill at each successive stage. Then the original bill, with such amendment and endorsements, is signed by the Speakers, and goes to the committee on enrollment and is the original record on which that committee acts and to which they refer, seeking cor-

roboration only from the journal if any question be raised, the journals being secondary and usually made up from such endorsements.

The original form or draft of a law as presented to the Legislature may be so changed by amendments and endorsements during its pendency, as to retain scarcely a trace of the original draft. It is manifest, therefore, that the definition of a bill may not be confined to the original form or draft submitted to the Legislature; but relates to its condition at each and every specific time while it is pending before the Legislature.

The very act under which this indictment is found uses this language: "A bill, within the meaning of this act, shall be taken as pending from the time of its introduction until enrolled and signed by the Speakers of both Houses. It shall then be taken as and for an act."

The very language of the act, therefore, contemplates the condition of the bill at every stage of its progress from its "*introduction*" until it is "enrolled and signed," and expressly covers its condition during all of that time.

The act says that "whoever shall add to"      *      *      * "any bill pending before either branch of the General Assembly of this State, or any committee thereof, or any joint committee of the two Houses."

This indictment, framed under the act, charges that the defendant "did unlawfully and feloniously add an endorsement to bill No. 62," etc. It charges that the defendant did add to a bill, and sets out specifically what was added, namely, an endorsement.

It would seem, therefore, that the indictment is good, and that the offense therein properly and clearly charged is within the terms of the statute; unless we hold that the concrete word *bill* should be divided up into its several component parts of paper, writing, title, original draft, amendments, endorsements and signature, and that each must be separately mentioned in the statute defining the offense; in other words, that while the whole necessarily includes the parts,

yet that an indictment is not good unless the statute specifically sets out the respective parts. This surely is not tenable.

The offense charged in this indictment, that is of making a false endorsement on the paper, so as to indicate that it had passed the Legislature, when in fact it had not so passed; is clearly within the evil sought to be remedied by the act of May 13, 1891, which is entitled " An act to prevent tampering with legislative proceedings." It would also seem to be clearly within the language of that act under any fair and reasonable interpretation thereof.

While I endorse most heartily the well settled principle that penal statutes are to be construed strictly with all reasonable intendments in favor of the accused; I am not inclined to such a strict construction as to narrow a word which is concrete in its significance to one particular and separate part or phase of its meaning. It should be so construed as to embrace all its parts, and show actual conditions at the precise time of the alleged offense. Any other rule of construction would amount to judicial annulment of law, and give immunity to crime.

I am clearly of the opinion that the indictment is good and that the offense as charged in the indictment is within the terms of the statute.

A majority of the Court, however, think otherwise, and in pursuance of their judgment it is ordered that the indictment be quashed.