# CHARLESTON.

### STATE *v.* G. L. CUNNINGHAM

.Submitted April 11, 1922.        Decided April 18, 1922.

1. STATUTES—*While a Proviso May be an Exception, it May Also be an Additional Paragraph or Clause Performing a More Extensive Function.*.

   Although primarily the office of a proviso in a statute is exception from its operation, of something that would otherwise be included therein, it is often an additional paragraph or clause performing a much more extensive and important function.   (p. 809).

2. SAME—*A Penal Statute Proviso Restraining the Terms of the Penal Clause Requires Consideration of Both Clauses for Construction.*

   A proviso in a penal statute, which, to have full force and effect in its operation, must necessarily qualify and restrain the meaning of the terms of the main or penal clause, goes beyond the mere function of exception in the ordinary sense of the term, and the meaning of the terms of the main or penal clause is to be determined by consideration of both clauses. (p. 809).

3. SAME—*Penal Clause of Statute Must be Construed Strictly and Proviso Given Liberal Construction.*

   In such case, the statute as a whole must be construed favorably to the accused, by application of the rule of strict construction to the penal clause and the rule of liberal construction to the proviso.   (p. 810).

4. FALSE PRETENSES—*Worthless Check Statute Does· Not Make Defendant Guilty Where he Paid Check Protested for Insufficient Funds Within 20 Days.*

   Properly interpreted, sec. 34 of ch. 145 of the Code, known as the worthless check act, does not make one who has obtained credit, money, goods or other property of value, by issuance and delivery of· a check or draft, in exchange therefor, without funds or sufficient funds on deposit in the drawee bank, to pay the same, guilty of any offense, if he has paid the same within twenty days from his receipt of actual notice, verbal or written, of the protest of such check or draft.   (p. 809).

5. SAME—*Protest of Draft or Check for Nonpayment and Notice Thereof is Necessary Under Worthless Check Statute.*

   Nor can there be guilt of any offense under said statute,

in the absence of protest of such check or draft for nonpayment, within a reasonable time after receipt thereof, and actual notice of such protest.     (p. 811).

6.   SAME—*Accord and Satisfaction Made Within 20 Days Held "Payment" Within the Proviso of Worthless Check Statute.*
An accord and satisfaction respecting a check issued and delivered under the circumstances and for the purpose mentioned, in said statute, extinguishing liability thereon, made within twenty days from the receipt of notice to the drawer, of non-payment thereof, amounts to payment within the meaning of the proviso in said statute.     (p. 811).

7.   SAME—*Rejection of Evidence to Prove Accord and Satisfaction Under Worthless Check Act Held Error.*
On the trial of one indicted under said statute, it is error to reject evidence tending to prove an accord and satisfaction so made.     (p. 811).

8.   CRIMINAL LAW—*Where the Court of Appeals Finds that Accused Can, by no Possiblity, be Convicted for the Offense Charged, he will be Discharged Without Day.*
If, on a writ of error to a judgment in a criminal case, the appellate court finds that, by no possibility, can the accused be convicted on the indictment by which he is charged with the alleged offense, the judgment will be reversed, the verdict set aside and a judgment entered, that he go thereof without day.     (p. 811).

Error to Circuit Court, Harrison County.

G. L. Cunningham was convicted under the Worthless Check Act, and sentenced to the penitentiary, and he brings error.

*Reversed, and defendant discharged.*

*Frank M. Powell,* for plaintiff in error.

*E. T. England,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

POFFENBARGER, PRESIDENT:

The plaintiff in error complains of a judgment imposing upon him imprisonment in the penitentiary of this State. for a period of two years, and founded upon a verdict of guilt of an offense under sec. 34 of ch. 145 of the Code, known as the worthless check act.

As payment for an automobile sold and delivered to him, he contemporaneously drew and delivered to the vendor, J. C. Criss, his check on the Empire National Bank of Clarksburg, for $1,150.00 and had not sufficient money in that bank, at the time, to pay it, if any at all. A day or two later, the check was presented and payment declined for lack of funds due the drawer, but it was not protested. Immediately or shortly after the unsuccessful effort to obtain payment, the payee found the drawer and, under some sort of an understanding between them, the automobile was left in a garage from which the vendor soon afterwards obtained possession of it, without having surrendered the check. At that time, the vendee had been arrested on a warrant issued on complaint of the vendor and incarcerated in the jail, or was so arrested and imprisoned very soon afterward, on a warrant previously issued. The former testified the car had been returned and accepted in full adjustment of the controversy; and the latter that it had not been. An offer to prove by several witnesses, an admission of the vendor that it had been taken back in full settlement, was rejected by the court.

Admitted lack of protest of the check was relied upon, as the principal ground of defense, it being contended that, on account of the proviso in the statute, forbidding prosecution, if payment shall be made within twenty days from the date on which drawer "receives actual notice, verbal or written, of the protest" of the check, there is no punishable offense, in the absence of protest of the check and notice thereof. A motion to direct a verdict for the defendant, based on the lack of protest was overruled. An instruction given at the instance of the State and omitting all reference to protest and notice thereof, and another expressly excusing or eliminating protest as an element in the offense, were given over objections. An instruction requested by the defendant and containing the elements of protest and notice was rejected, and another similar one, refused as offered, was modified so as to limit the notice to total lack of funds or of insufficiency of funds, and given, as modified, over an objection. To all of these rulings against him, as well as to the exclusion of

evidence offered to prove the car had been taken back by way of adjustment of the matters in difference between the parties, the defendant excepted.

Determination of the constituent elements of the offense created by the statute involves consideration of the proviso as well as its other parts. The analysis of the statute found in the opinion in *State* v. *Price,* 83 W. Va. 71, makes this proposition apparent, and it accords with uniform authority. Bish. St. Crimes, sec. 65, Kent, Com. 463: note. "The general purpose of a proviso is to except the clause covered by it from provisions of the statute or to qualify another portion of the statute. But it is often used as a conjunction to an independent paragraph." *Ga. R. & B. Co.* v. *Smith,* 128 U. S. 174. A proviso introduced by the word, "but," was so interpreted in *State* v. *Harden,* 62 W. Va., 313, 337. The doctrine has been affirmed on numerous occasions. *Ches. & O. Ry. Co.* v. *Peck,* 6 W. Va. 397, 403; *Stanley* v. *Colt,* 72 U. S. 119; *Ches. & Pot. Tel. Co.* v. *Manning,* 186 U. S. 238. The proviso here involved is not a mere exception. It is an additional clause expressing the intent and spirit of the whole section as well as effecting an exception from the operation of the preceding terms. Though it does not specifically say one who has paid a check or draft issued or delivered without funds to pay it and used in the manner and for the purpose mentioned, within twenty days after notice of protest, shall not be guilty of the offense, or that, in such case, no offense shall be deemed to have been committed, under the statute, that is what it means. Moreover, it contemplates no offense in the absence of presentation and protest of the paper and notice of the protest. Read as a whole, it assumes presentation and protest for nonpayment, wherefore it fairly contemplates such procedure, and, under the rules of construction, applicable to penal statutes, these steps must be held to be elements or factors in the operation and administration of the statute. The Legislature did not intend to make every issuance of a check or draft in exchange for money or property, without funds or credit sufficient to pay it, a criminal act. There is no offense, unless the money or property obtained was parted with in reliance upon the false representa-

tion made by the check or draft. The offender must obtain it by issuance or delivery of the check or draft. If the vendor or lender relies upon the financial ability of the other party and not upon the representation of funds in bank, the transaction involves no criminal offense. Inadvertent overdrafts and relations of confidence and trust between men in their dealings with one another, including reliance upon character rather than specific representations and agreements, were well known to the law makers, and they likely did not intend to open the door to prosecution except in cases of actual fraud of a particular kind. Hence, it may have been deemed advisable to require the payee to present the paper for payment, with reasonable diligence, and have dishonor thereof, in case of nonpayment, formally recorded and notice thereof, given, in order to make it clear that the representation was relied upon and that the drawer so understood it at the time of the exchange. Protest and notice may have been required as a means of making it clear in every case, that payment was actually and properly demanded and refused. In so grave a matter as a charge of crime, growing out of an apparently honest business transaction, it ought to be based upon certain and definite elements. Whether the hypotheses as to legislative intent, just stated, are sound or not, there is a presumption of good reasons for this provision in the act, which must prevail.

The liberal construction here given to the proviso, in restraint of the operation of the terms of the main or penal clause of the statute, is well founded in authority. In its entirety, the statute is construed favorably to the accused, the penal part, strictly, and the exception or restraining clause, liberally.    Bish. St. Crimes, secs. 226-229; *Sneed* v. *Com.,* 6 Dana 338; *Dull* v. *People,* 4 Denio. 91; *Rex* v. *Heming,* 2 East. P. C. 1116; 1 Hawk. P. C. p. 686, sec. 5; 1 Hale, P. C. 694; *Porter's Case,* Cro. Car. 461. The term "divorced" in a proviso was held to be applicable to one spouse judicially separated from the other by a decree of divorce from bed and board. The author of a threatening letter, known by reason of his handwriting, is not guilty under a

statute, making it an offense to send a threatening letter "without any name subscribed thereto, or signed with a fictitious name."

From the conclusion here stated, it follows, of course, that the court below erred in all of its rulings upon instructions and the motion to direct a verdict.

As payment of the check in money, within twenty days, absolves from punishment, the return of the property, if accepted as payment in full, would necessarily have the same legal effect, under the liberal construction we are required to give the proviso. In this connection, it is to be observed, too, that the term, "money," is not used. The terms are literally satisfied by payment of the check. Property accepted in payment would work payment within the technical meaning of the word. The defendant testified he had returned the car with the understanding that he would not be prosecuted and offered to prove by three witnesses, admissions of the vendor, that he had accepted it with that understanding. From this, the jury could have inferred that it was accepted as payment of the check. Hence, the rejected evidence of the admission should have been permitted to go in.

Under the interpretation of the statute, required by these settled rules, the elements of protest within reasonable time and notice thereof are essential; and, as the check in question admittedly was not protested and cannot be, within a reasonable time after issuance thereof, there can be no conviction upon the indictment on which the accused was arraigned and tried. When, on a writ of error, it becomes apparent to the appellate court that the plaintiff cannot, by any possibility, prevail on a new trial, it will not remand the case, but will enter a final judgment for the defendant. *Ruffner Bros.* v. *Dutchess Ins. Co.,* 59 W. Va., 432; *Miller* v. *Ralston,* 1 S. & R. (Pa.) 309; *Griffith* v. *Eshelman,* 4 Watts. (Pa.) 51.

For the reasons stated, the judgment will be reversed, the verdict set aside and a judgment entered, that the defendant go thereof without day.

*Reversed, and defendant discharged.*