# CHARLESTON.

## STATE *v.* S. AMBROGIO

### (No. 5864)

Submitted May 3, 1927.    Decided May 10, 1927.

> FALSE PRETENSES—*To Convict for Issuing and Delivering Check or Draft Without Sufficient Funds to Pay It, State Must Prove Protest Within Reasonable Time, of Which Defendant Had Actual Notice; Evidence Held Insufficient to Sustain Conviction for Issuing Check Without Sufficient Funds to Pay It (Code, c. 145, § 34).*
>
> To convict one of violating Section 34, Chapter 145 Code, by issuing and delivering to another for value a check or draft without sufficient funds on deposit with which the same may be paid, it is incumbent upon the State to prove that the check or draft has been protested for non-payment within a reasonable time and that the defendant has received actual notice of the protest.
>
> (False Pretenses, 25 C. J. § § 42, 88).
>
> ---
>
> (NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi).

Error to Circuit Court, Logan County.

S. Ambrogio was convicted of issuing and delivering a check without sufficient funds to pay it, and he brings error.

*Reversed and remanded.*

*James E. Greever* and *C. A. Joyce,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was sentenced to two years in the penitentiary for issuing and delivering, in violation of Section 34, Chapter 145, Code, the following check:

"No. 53                Logan, W. Va., April 12, 1926.
    GUYAN VALLEY BANK    69-170
Pay to the order of Antonio Palazzolo Co.    $102.10
One hundred two and 10-100 Dollars.
               Monitor Juct. Gro., Feed Supply Co.
                    By  S. Ambrogio"

The statute provides:

"If any person make, issue and deliver to another for value any check or draft on any bank, and thereby obtain from such other any credit, money, goods or other property of value, and have no funds, or insufficient funds, on deposit to his credit in said bank with which such draft or check may be paid, he shall be guilty of a misdemeanor, if the amount of such check or draft be under twenty dollars, and upon conviction thereof be fined not exceeding one hundred dollars and confined in the county jail not less than one day nor more than thirty days, and if the amount of such check or draft be twenty dollars or over he shall be guilty of a felony and confined in the penitentiary not less than one year nor more than two years, and the drawer of such check or draft shall be prosecuted in the county in which he delivers the same. *Provided, however,* that if the person who makes, issues and delivers any such check shall, within twenty days from the time he receives actual notice, verbal or written, of the protest of such check, pay the same, he shall not be prosecuted under this section, and any prosecution that may have been instituted within the time above mentioned, shall, if payment of said check be made as aforesaid, be dismissed at the cost of defendant."

The defendant issued the check and delivered it to Leo Magarelli, April 10, 1926, in payment for a bill of groceries sold and delivered on that date by Magarelli, as agent of the

Antonio Palazzolo Company (of Cincinnati), to the defendant, as manager of the Monitor Junction Grocery, Feed & Supply Company. Because the Monitor Junction Grocery, Feed & Supply Company did not have sufficient funds in bank to meet the check, it was protested for nonpayment on May 15, 1926.

For reversal, the defendant relies mainly on two grounds: (1) that the giving of a post-dated check is not a violation of the statute; and (2) that he never received actual notice of protest.

Without deciding the first question, we are of opinion to reverse the judgment on the second ground. There is no proof whatever of notice of protest to the defendant, and the only evidence of alleged notice to the Monitor Junction Grocery, Feed & Supply Company is the recital in the certificate of protest:

> "* * * And on the same day (May 15, 1926) I gave Notice of Protest to the maker and each endorser in the following manner: By placing the notices in sealed envelopes postage paid, and depositing them in the Post Office at Logan, West Virginia, at ............ o'clock P. M., addressed as follows, viz:
>
> "Notice for Monitor Junction Gro. Feed & Supply Co.
>
> "Notice for Antonio Palazzolo Co., Cincinnati, O.
>
> "All of the above being their proper addresses and places of business."

It will be observed that the postoffice address to which was mailed the notice for Monitor Junction Grocery, Feed & Supply Company is not stated. There can be no guilt of any offense under the statute, in the absence of protest of such check or draft for non-payment, within a reasonable time after receipt thereof, and actual notice of such protest. *State v. Cunningham,* 90 W. Va. 806.

Therefore the verdict of the jury will be reversed, the judgment of the circuit court set aside, and a new trial awarded the defendant.

*Reversed and remanded.*