Richard D. Rosenbloom, J.
This is a juvenile delinquency proceeding in which respondent is alleged to have committed an act, which if done by an adult would constitute the crime of criminal mischief in the fourth degree in violation of section 145.00 of the New York State Penal Law.
Upon motion of the respondent, the court held a preliminary hearing to determine the admissibility of an inculpatory statement made by respondent. (People v Huntley, 15 NY2d 72.) The principal argument advanced by respondent’s law guardian was that the statement was not taken in a facility designated by the appropriate Appellate Division of the Supreme Court as a suitable place for the questioning of children as required by section 724 of the Family Court Act. Respondent was questioned in the Adams Basin substation of the Monroe County Sheriffs Department which counsel stipulated had not been designated by the Appellate Division, Fourth Department, as a suitable place.
Subdivision (b) of section 724 of the Family Court Act provides as follows:
"After making every reasonable effort to give notice under paragraph (a), the peace officer shall
"(ii) forthwith and with all reasonable speed take the child directly, and without his first being taken to the police station house, to the family court located in the county in which the act occasioning the taking into custody allegedly was done, unless the peace officer determines that it is necessary to question the child, in which case he may take the child to a facility designated by the appropriate appellate division of the supreme court as a suitable place for the questioning of children and there question him for a reasonable period of time”.
In the cases of Matter of Aaron D. (30 AD2d 183) and Matter of Emilio M. (44 AD2d 791) the Appellate Division, First Department, held that statements taken without compliance with section 724 should not have been admitted in evidence. The Court of Appeals reversed the decision in Emilio M. on the grounds that precise statutory compliance was *646 impossible since the Appellate Division had not yet designated any suitable facility. (Matter of Emilio M., 37 NY2d 173.)
Petitioner’s counsel argues that the place of questioning should only be one of the factors to be considered in determining the admissibility of a statement, citing the decision in Matter of Turner (56 Misc 2d 638). Photographs of the place of questioning were received in evidence which show it to be a pleasantly decorated room with an office like atmosphere. The court was most impressed with the testimony and demeanor of the deputy sheriff who questioned the respondent and is satisfied that no threats or duress were employed and that pre-interrogation warnings were given to respondent and to both of his parents. (Miranda v Arizona, 384 US 436.)
Respondent was 13 years old at the time of the act in question. Since this proceeding may result in a loss of personal freedom, it is, at the very least, quasi-criminal in nature. Consequently, the respondent must be fully protected against involuntary self incrimination, and if a confession is to be used against him, there must be full compliance with due process requirements. (Matter of Gregory W., 19 NY2d 55; Matter of Gault, 387 US 1.) Special problems with respect to the privilege against self incrimination may arise in the case of juveniles and some difference in technique may be required, depending on the age of the child and the presence and competence of parents, as well as the participation of counsel. "If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair.” (Matter of Gault, 387 US 1, 55 supra; Matter of William L., 29 AD2d 182.)
For this court to make an independent evaluation of the suitability of the place of questioning would invite such an inquiry in every juvenile delinquency proceeding. This is not the intent of the statute. The Legislature has clearly empowered the Appellate Division of the Supreme Court to make such a determination and the Appellate Division, Fourth Department, has designated numerous such facilities. Even though this court may very well conclude that the sheriff’s substation is a suitable place to question children, it cannot substitute its judgment for the clearly expressed mandate of *647 the Legislature and the implementation of that power exercised by the Appellate Division.
Accordingly, since the statement was not taken in a facility designated by the Appellate Division, it is not admissible in evidence. This matter is placed on the Trial Calendar at the August term of this court for further proceedings.
The court wishes to recognize the conscientious services of the Law Guardian in this case. Special thanks are due to him and to the more than 150 members of the Monroe County Bar Association who volunteered their services as Law Guardians in response to the court’s request for help in providing more effective justice in juvenile proceedings.