■ In the Matter of ANTHONY E., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County, entered September 8, 1978, which, upon adjudicating appellant a juvenile delinquent, on the grounds that appellant committed acts which if done by an adult would constitute the crimes of sodomy in the first degree and robbery in the third degree, placed him with the Division for Youth, Title III, for a period of 18 months, reversed, on the law, without costs and disbursements, and proceeding remanded to the Family Court for a new hearing in accordance herewith. A fact-finding hearing resulted in a determination that the 14-year-old appellant had committed an act which if done by an adult would constitute the crimes of sodomy in the first degree and robbery in the third degree. Several days after the 11-year-old victim had reported the crime, appellant was arrested at approximately 4:00 P.M. at the apartment where he resided with his mother. His mother declined to accompany her son and the arresting officer to the station house. Appellant was taken directly to The Bronx sex crime squad room and given the *Miranda* warnings, although the officer stated that no interrogation as to the crime was then contemplated.

In questioning appellant in connection with obtaining pedigree and related information, such as history of drug use, etc., as required by various forms, the youth blurted: "I didn't do anything else, he [the complainant] gave me $4.00." This admission, together with the testimony of the complainant, was the sole evidence against appellant. The sex crime squad room has not been designated as a space suitable for the questioning of juveniles within the ambit of section 724 of the Family Court Act. On this record, the appellant's statement must be suppressed (see *Matter of Emilio M.,* 37 NY2d 173). Section 724 clearly sets forth what an officer must do upon taking a juvenile into custody. Strict compliance with that section is mandated where, as here, the officer claimed that he did not intend to question the juvenile, yet the juvenile was questioned after *Miranda* warnings issued, albeit as to matters not directly involved in the crime, in an area not designated suitable for questioning of juveniles and where the juvenile, unrepresented and without a parent or guardian actually present, and after being in custody for one hour, made a damaging admission. Accordingly, on this record we grant the appellant's motion to suppress the statement and remand the matter for a new fact-finding hearing. Concur—Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.