OPINION OF THE COURT
Elrich A. Eastman, J.
Before the court is respondent’s motion to suppress his statements made to Police Officer Williams, in violation of section 724 of the Family Court Act.
The facts are undisputed. On August 8, 1980, at 6:00 P.M., Police Officer Williams came to the home of respondent’s grandmother and aunt, with whom he was residing for the summer. While there, the police officer was advised that respondent’s grandmother was “down South,” but that respondent’s mother, who lived a short distance from the grandmother’s home, was “on her way.” Present in the grandmother’s home at the time of Officer Williams’ arrival were respondent and respondent’s aunt, age 21, whom the police officer perceived to be a “young girl.” Notwithstanding this, Officer Williams gave respondent his Miranda warnings and proceeded to question him about the alleged incident in the presence only of respondent’s aunt.
*425 Subdivision (a) of section 724 of the Family Court Act provides in pertinent part that when a peace officer takes a person under the age of 16 into custody “the peace officer shall immediately notify the parent or other person legally responsible for his care, or the person with whom he is domiciled, that he has been taken into custody.” Moreover, section 724 (subd [b], par [ii]) of the Family Court Act provides that if the peace officer determines that it is necessary to question the child he may “take the child to a facility designated by the appropriate appellate division of the supreme court as a suitable place for the questioning of children”.
Two questions are presented: (1) Was respondent’s young aunt a proper person to preside over respondent’s waiver of his Miranda rights within the meaning of subdivision (a) of section 724 of the Family Court Act? and (2) Was the police officer’s conduct in questioning respondent at his grandmother’s home, the scene of the alleged incident, a violation of section 724 (subd [b], par [ii]) of the Family Court Act? In the court’s view, the mandates of subdivision (a) of section 724 and section 724 (subd [b], par [ii]) have been violated. Accordingly the motion to suppress is granted.
As the court aptly observed in Matter of Michelet P. (70 AD2d 68, 71) the requirement to notify “a party legally responsible for the juvenile is strict. The emotional and intellectual immaturity of a juvenile creates an obvious need for the advice of a guardian and counsel at an interrogation from which charges of juvenile delinquency may ensue”.
Subdivision (a) of section 724 sets forth, in order of preference, those persons whom the Legislature perceives will best protect the interests of a child taken into custody. Implicit in the staute and the ranking of guardians therein, is a presumption which permeates all of family law, to wit, that a parent is the person who can best safeguard the rights and interests of his child. Absent extraordinary circumstances, a fit parent cannot be supplanted by another person in the exercise of parental responsibilities. (Cf. Matter of Bennett v Jeffreys, 40 NY2d 548.) In the case at bar, *426 respondent’s aunt was not a proper person to act as his guardian and counsel, a fortiori, in view of the fact that his mother was en route. (Cf. Matter of Brian P. T., 58 AD2d 868.) Moreover, the mother’s arrival at the police station is substantial evidence of her intention to be present at the interrogation of her son.
Officer Williams’ conduct further violated the strict requirements of section 724 of the Family Court Act (see Matter of Anthony E., 72 AD2d 699, 700), in that he conducted the interrogation of respondent in a setting not designated as suitable for the questioning of children by the Appellate Division, First Department. Indeed, as observed in Matter of Matthew F. (87 Misc 2d 644, 646-647): “Even though this court may very well conclude that the sheriff’s substation is a suitable place to question children, it cannot substitute its judgment for the clearly expressed mandate of the Legislature and the implementation of that power exercised by the Appellate Division.” No exception is provided for by the showing of exigent circumstances and indeed none was demonstrated by the testimony of Police Officer Williams that his desire to find the gun necessitated breach of the statutory mandate of section 724 of the Family Court Act.
Finally, respondent’s contention that he has been denied due process need not be reached since the court has decided this matter on statutory grounds.-
Motion granted in all respects.