■ In the Matter of ALVIN H., Respondent. — In a juvenile delinquency proceeding pursuant to article 7 of the Family Court Act, petitioner appeals (by permission) from an order of the Family Court, Kings County (Roache, J.), dated August 27, 1981, which granted respondent's motion to suppress certain oral and written statements made by him to law enforcement officers. Order reversed, on the law, without costs or disbursements, and matter remitted to the Family Court, Kings County, for a new suppression hearing in accordance herewith. The Family Court suppressed evidence of an oral inculpatory statement on the ground that it was obtained by law enforcement officers while questioning respondent in a place other than a facility designated by this court as suitable for the questioning of children taken into custody pursuant to section 721 of the Family Court Act (Family Ct Act, § 724, subd [b], par [ii]). The Family Court also suppressed evidence of a written confession as the tainted fruit of respondent's oral statement (see *People v Chapple,* 38 NY2d 112). The provisions of section 724 of the Family Court Act mandating the questioning of children in designated facilities, commonly referred to as "juvenile rooms", are only applicable when a child is in custody and subjected to custodial interrogation (see *Matter of Anthony E.,* 72 AD2d 699). Although the Family Court concluded that respondent's rights had been violated under section 724, it made no express finding on the factual issue of custody (see *People v Albro,* 52 NY2d 619), and thus failed to set forth a necessary predicate for its conclusion that section 724 had been violated (cf. *People v Waymer,* 53 NY2d 1053). Consequently, absent a finding on the threshold issue of custody, it cannot be decided whether the court's conclusion as to the violation of section 724 was correct. We hesitate to resolve the factual question of custody ourselves, since it may well depend for its resolution on a determination of the credibility of witnesses (see *People v Yukl,* 25 NY2d 585, 592; *People v Newson,* 68 AD2d 377, 384, 386-387). We would remit this matter for further findings of fact, but we cannot, since the suppression Judge is no longer a Judge of the Family Court. Accordingly, we reverse and remit for a new suppression hearing. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.

■ In the Matter of J. W. MAYS, INC., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. — In a consolidated tax certiorari proceeding, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 31, 1981, which reduced the assessment for each of the years in question. Judgment affirmed, without costs or disbursements. By order dated March 30, 1981 this court reversed the judgment and remanded this case to Special Term for new findings and a new determination in accordance with our memorandum (*Matter of J. W. Mays, Inc. v Tax Comm. of City of N. Y.,* 80 AD2d 915). The instant judgment resulted therefrom. We find no merit to the city's contention that on remand Special Term could not reduce the assessments further. Our prior order directing that a new determination be made did not fix or necessarily approve the assessments adjudicated in Special Term's prior decision. We find no merit to the city's other contentions (see *People ex rel. MacCracken v Miller,* 291 NY 55). Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.