STATE *ex rel.* J. M., *Infant*

*v.*

CHARLES TAYLOR, *Supt.*,

W. VA. INDUSTRIAL SCHOOL FOR BOYS

(No. 15076)

STATE *ex rel.* G. E.

*v.*

CHARLES TAYLOR, *Supt.*

W. VA. INDUSTRIAL SCHOOL FOR BOYS

(No. 15077)

STATE *ex rel.* A. H.

*v.*

GEORGE TRENT, *Supt.*,

LECKIE CENTER

(No. 15078)

Decided March 10, 1981.

*Paul Mones* for relator.

*Chauncey H. Browning*, Attorney General, *Billie Gray*, Assistant Attorney General, for respondent.

HARSHBARGER, CHIEF JUSTICE:

We have consolidated these three juvenile cases because they present common issues.

G. E. was a few days shy of eighteen when he had a probation revocation hearing for participating in an interstate automobile theft ring. The judge asked him if he wanted counsel and told him that if he were indigent, the court would appoint an attorney; but he and his father waived this right. After the hearing, his probation was revoked and he was committed to the Department of Corrections for examination at Pruntytown (our "industrial school" for boys), then to forestry camp for an indeterminate term until he was twenty-one. He got a lawyer who presented a habeas corpus petition to us, and we ordered the circuit court to determine whether G. E.

voluntarily waived counsel; and the learned trial judge decided that he did.

J. M., then sixteen, was accused of breaking and entering a market with intent to steal. He did not have counsel at preliminary, adjudicatory or dispositional hearings, pled guilty, and was committed to the Department of Corrections until he became twenty-one years old.

The third juvenile, A. H., was sixteen when his father and mother filed multiple petitions against him for assault, forging checks, and possession of marijuana with intent to deliver. A. H., with his father present, waived counsel. We have no record of the preliminary hearing, but relevant colloquy from his adjudicatory hearing transcript is:

> COURT: At that [preliminary] hearing the Court, I think, in some detail explained to the infant and his parents that he had the right to be represented by counsel. I don't see counsel here today.
>
> . . .
>
> [A. H.], are you ready to proceed with this hearing without being represented by an attorney?

JUVENILE: Yes, sir.

After he pled guilty and was adjudicated delinquent:

> COURT: . . . Again, at that dispositional hearing you have the right to be represented by an attorney.
>
> Do you want to be represented by an attorney?

JUVENILE: Should I?

> COURT: Well, that's not for me to say. I just want to inform you that you definitely have that right if you want to be represented by an attorney.

JUVENILE: No, sir.

COURT: All right. I realize, of course, that being an infant that you are without funds, and if that's the only drawback, then if the parents would not furnish counsel for you, this court would appoint an attorney to serve you in this case, and his expenses would be paid by the State of West Virginia.

Do you understand that?

JUVENILE: Yes, sir.

## I.

A juvenile's constitutional right to counsel was recognized by the Supreme Court in 1967 in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. That right is in W. Va. Const. art. 3, §14,[1] codified at W. Va. Code, 49-5-1(c)[2] and is recognized in many state cases, including *State ex rel. Wilson v. Bambrick*, 156 W. Va. 703, 195 S.E.2d 721 (1973); *State ex rel. Harris v. Calendine*, 160 W. Va. 172, 233 S.E.2d 318 (1977); *State ex rel. C. A. H. v. Strickler*, 162 W. Va. 535, 251 S.E.2d 222 (1979); and *Crow v. Coiner*, 323 F. Supp. 555 (N.D.W.Va. 1971).

Any defendant may relinquish constitutional rights by knowing and intelligent waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Rissler*, ___ W.Va. ___, 270 S.E.2d 778 (1980). In *Von Moltke v. Gillies*, 332 U.S. 708, 723-24, 68 S.Ct. 316, 92 L.Ed. 309 (1947), the Supreme Court discussed adult waiver of counsel:

---

[1] W. Va. Const. art. 3, §14:

"In all . . . trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witness against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defence; and there shall be awarded to him compulsory process for obtaining witnesses in his favor."

[2] W. Va. Code, 49-5-1(c)

"The child shall have the right to be effectively represented by counsel at all stages of proceedings under the provisions of this article. If the child, parent or custodian executes an affidavit showing that he cannot pay for an attorney appointed by the court or referee, the court shall appoint counsel, to be paid as provided for in article eleven [§ 51-11-1 et seq.], chapter fifty-one of this Code."

To discharge this duty [of determining whether there is an intelligent and competent waiver] properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. (Footnotes omitted.)

We have written about waivers of constitutional rights generally:

But waiver of a constitutional right is not to be lightly regarded, and if such a waiver is to be implied at all, it can only be in situations in which it is clear that the accused has not only a full knowledge of all facts and of his rights, but a full appreciation of the effects of his voluntary relinquishment. *Holland v. Boles*, 225 F. Supp. 863 (N.D.W.Va.1963). This Court has held that courts indulge every reasonable presumption against waiver of a constitutional right and will not presume acquiescence in the loss of such fundamental right. *State ex rel. Calloway v. Boles*, 149 W.Va. 297, 140 S.E.2d 624 (1965); syl. pt. 2, *State ex rel. May v. Boles*, 149 W.Va. 155, 139 S.E.2d 177 (1964). An accused may, by declaration and conduct, waive a fundamental right protected by the Constitution, but it must be demonstrated that

the waiver was made knowingly and intelligently. *State ex rel. Grob v. Blair,* supra."
> *State v. Eden,*
> 163 W.Va. 370,
> 256 S.E.2d 868, 873 (1979).

Courts, scholars, and legislatures have developed two juvenile waiver tests. One weighs the "totality of circumstances"; the other keys on whether there was an interested adult present when the waiver occurred.

The "totality of circumstances" analysis was made in *Haley v. Ohio,* 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), and *Gallegos v. Colorado,* 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), wherein juvenile waivers of counsel and privileges against self-incrimination were not accepted because circumstances indicated that they were not knowingly and intelligently made.

Most cases about juvenile waiver involve custodial interrogations and confessions, and factors such as age, mental age, previous police or court experience, advice of parent or counsel, physical condition, whether held incommunicado, methods of interrogation, education, knowledge of the substance of a charge, and the nature of rights waived, must also be evaluated. *Accord, Moore v. Michigan,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 2d 199 (1957); *West v. United States,* 399 F.2d 467 (5th Cir. 1968), *cert. denied,* 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed.2d 795 (1969); *United States v. Fowler,* 476 F.2d 1091 (7th Cir. 1973); *People v. Lara,* 67 Cal.2d 365, 432 P.2d 202, 62 Cal. Rptr. 586 (1967), *cert. denied,* 392 U.S. 945; *State v. Oliver,* 160 Conn. 85, 273 A.2d 867 (1970), *cert. denied,* 402 U.S. 946; *Riley v. State,* 237 Ga. 124, 226 S.E.2d 922 (1976); *People v. Pierre,* 114 Ill. App. 2d 283, 252 N.E.2d 706 (1969), *cert. denied,* 400 U.S. 854; *State v. Hinkle,* 206 Kan. 472, 479 P.2d 841 (1971); *White v. State,* 13 Md. App. 1, 280 A.2d 283 (1971); *Commonwealth v. Cain,* 361 Mass. 224, 279 N.E.2d 706 (1972); *State v. Hogan,* 297 Minn. 430, 212 N.W.2d 664 (1973); *State v. Lytle,* 194 Neb. 353, 231 N.W.2d 681 (1975); *State v. Ortega,* 77 N.M. 7, 419 P.2d 219 (1966); *Theriault v. State,* 66 Wis.2d 33, 223 N.W.2d 850 (1974). *See generally* Annot., Voluntariness and Admissibility of

Minor's Confession, 87 A.L.R.2d 624 (1963 and later case service).

A more objective and workable standard simply invalidates juvenile waivers not secured with counsel, guardian, parent or interested adult present. An interested, friendly adult is supposed to protect an infant from governmental coercion or pressure and to allow someone capable of understanding the nature and consequences of the waiver to help in the decision and to protect the child from inaccurate accounts of his statements at proceedings in which waiver is made. This standard was applied in *Freeman v. Wilcox*, 119 Ga. App. 325, 167 S.E.2d 163 (1969), which was overruled seven years later in *Riley v. State, supra; Lewis v. State*, 259 Ind. 431, 288 N.E.2d 138 (1972); *State in Interest of Dino*, ____ La. ____, 359 So.2d 586 (1978), *cert. denied*, 439 U.S. 1047; *In re K.W.B.*, ____ Mo. App. ____, 500 S.W.2d 275 (1973); and *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977). *See also* M. Levy and S. Skacevic, What Standard Should Be Used To Determine A Valid Juvenile Waiver?, 6 Pepperdine L. Rev. 767 (1979); Comment, The Judicial Response to Juvenile Confessions: An Examination of the Per Se Rule, 17 Duquesne L. Rev. 659 (1978-1979); Comment, The Interrogated Juvenile: Caveat Confessor?, 24 Hastings L.J. 413 (1973); Comment, Interrogation of Juveniles: The Right to a Parent's Presence, 77 Dick. L. Rev. 543, 550 (1972-1973); Note, Waiver in the Juvenile Court, 68 Colum. L. Rev. 1149 (1968).

Some states have legislatively mandated that an adult be present when a juvenile waives. Colo. Rev. Stat. Ann. §19-2-102(3)(C)(I); Okl. Stat. Ann. tit. 10 § 1099(a) (Supp. 1975-76); Texas Family Code, § 51.10 (1973). Our code prevents interrogation of juveniles without the presence of a parent or counsel, W. Va. Code, 49-5-8(d), reflecting a legislative judgment that a juvenile is not capable of knowingly waiving his Fifth Amendment privilege against self-incrimination.

But a parent or other adult, even one intensely involved in and interested in a child's welfare, may not be sufficiently knowledgeable, educated or informed about constitutional law to competently waive protections.

*Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1976). Sometimes parents' interests may even be opposite a child's, as A. H.'s record here illustrates.

Courts have had difficulty defining an "interested adult". Is a probation officer an interested adult? Is a grandparent? Is a parent who initiated the complaint? or is drunk? or is apathetic? *See generally Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), *reh. denied*, 444 U.S. 887; *Daniels v. State*, 226 Ga. 269, 174 S.E.2d 422 (1970); *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977).

In its *Standards Relating to Adjudication*, the Juvenile Justice Standards Project has drafted Rule 1.2:

1.2 Attorneys for respondent and the government.

> The juvenile court should not begin adjudication proceedings unless the respondent is represented by an attorney who is present in court and the government is represented by an attorney who is present in court.

A commentary teaches that the juvenile right to counsel should be non-waivable, citing a 1967 recommendation by the President's Commission on Law Enforcement and Administration of Justice, IJA/ABA Juvenile Justice Standards Project, Standards Relating to Adjudication, §1.2 (1977).

We admire this rule, but are confronted with a suggestion that our Legislature intended that there could be knowing waiver of counsel. Our statute about the preliminary hearing stage of juvenile proceedings provides that a court or juvenile referee shall:

> "(2) Appoint counsel by order entered of record, if counsel has not already been retained, appointed *or knowingly waived.*" (Emphasis added.)
> Code, 49-5-9(a)(2).

Juvenile waiver of constitutional rights obviously must be more carefully proscribed than adult waiver because of the unrebuttable presumption, long memorialized by courts and legislatures, that juveniles lack the capacity to make legally binding decisions. No juvenile legal status is

treated the same as that of an adult, to our knowledge. Examples of legislative recognition of juvenile incapacity are statutes requiring guardians ad litem for infants: in civil actions when a minor is a defendant, Code, 56-4-10; if a minor is plaintiff in a lawsuit (next friend or guardian) §56-4-9; in eminent domain proceedings involving land in which a minor has an interest, §54-2-4; for will probate in solemn form, §41-5-5; for the sale, lease or mortgage of real property owned by a minor, §§37-1-3, 37-1-4 and 37-1-12; for sale or lease of real or personal property subject to a future interest, §36-2-5; for depositions to preserve testimony in which an infant is affected, §57-4-7; and for actions proving the contents of lost records or papers, §39-3-7. A child is also given the right to his own counsel in civil neglect proceedings, Code, 49-6-2.[3] There is no statutory authority that counsel can be waived in any of these instances that require a lawyer or a counselor for infants.

We therefore recognize that juvenile waiver has been contemplated by our Legislature; but must also observe that it seems to be a contradiction that an infant might waive his constitutional right to counsel in proceedings wherein his very liberty is threatened, but not do so if someone is about to force sale of a piece of land in which he owns even a $1.00 interest.

We will, therefore, accommodate the statutory implication that he can waive his right to counsel, by requiring that he can do so, but only upon advice of counsel. Only then can there be knowing waiver.

## II.

Two of these juveniles admitted the allegations in the petitions against them, but the record in the one case for which we were provided a transcript reveals a dialogue

---

[3] There is even constitutional recognition of infant disability in provisions limiting office-holding and voting rights, W. Va. Const. art. 4, §1 and art. 4, §4.

between the court and juvenile preceding the admission that did not comply with our requirements.[4]

A defendant must be advised by a court of the nature of the charge to which a plea is offered and the consequences of the plea, including waiver of constitutional rights and maximum penalty. *Riley v. Ziegler*, 161 W.Va. 290, 241 S.E.2d 813 (1978), Syllabus Point 1; *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665, 670 (1975). The plea was taken thusly:

> THE COURT: All right. As provided for, then, by statute, the Court will at this time inquire of [A.V.H.] whether he admits or denies the charges of the petition.
>
> The first petition alleges that on or about August 15th, at Red Star, in Fayette County, the infant made an assault upon [J. H.], his father, and attempted to commit a violent injury and placed him in reasonable apprehension of receiving a violent injury, and as a result of that he's a delinquent child.
>
> [A.V.H.], do you admit or deny those charges?
>
> THE JUVENILE: Admit.
>
> THE COURT: All right. Has anybody put any pressure on you to get you to make that admission to the Court?
>
> THE JUVENILE: No, sir.
>
> THE COURT: Has anybody promised you that the Court or anyone else will be lenient with you if you make such an admission?
>
> THE JUVENILE: No, sir.

---

[4] The assistant attorney general argued in her brief that we should use that transcript to infer the regularity of the other juvenile proceedings. We take her suggestion and presume that the other cases were equally inadequate.

THE COURT: All right. The second petition makes essentially the same allegation except that the alleged victim of that assault was [V.H.], the mother.

[A.], do you admit or deny those charges?

THE JUVENILE: Admit.

THE COURT: There's another petition which alleges that during the month of April, 1980, [A.V.H.] forged a writing, a check, made out to Cash in the amount of $10.00 and signed [V.R.H.] to the prejudice of the victim's rights.

Do you admit or deny that allegation?

THE JUVENILE: Admit.

THE COURT: There's another petition which is sort of a double-barreled petition. It alleges that on August the 8th, 1980, in the community of Oak Hill, that you forged a check payable to Cash in the amount of $20.00 signed [J.H.] to the prejudice of another's right with the intent to defraud [J.H.], which check was cashed at Ayers Grocery and Gift Shop in Oak Hill.

It's alleged that you forged another $20.00 check, signed [J.H.], and that was a $20.00 check, and cashed it at Burgerland in Mount Hope.

Do you admit or deny those allegations?

THE JUVENILE: Admit.

THE COURT: Has anybody put any pressure on you of any kind to get you to make any of these admissions to the Court?

THE JUVENILE: No, sir.

THE COURT: Is there any reason that you have made these admissions to the Court other than the fact that you are, in fact, guilty of those actions?

THE JUVENILE: No, sir.

THE COURT: All right. The Court then finds, based upon these admissions to the four juvenile petitions, that [A.V.H.] is, in fact, a delinquent child, and that concludes the adjudication hearing.

The prerequisites to a valid adult guilty plea as described in *Call v. McKenzie, supra,* and its progeny, are applicable to juvenile proceedings when a juvenile is asked to admit or deny allegations, W.Va. Code, 49-5-1(d) and 49-5-11(a).[5] Failure by a court to apprise a juvenile of charges against him, and about penalties and consequences of pleading (including those rights that are relinquished) makes an admission invalid as unintelligently made.[6]

*Writs granted.*

---

[5] For an extensive explanation of those rights, *see Call v. McKenzie, supra* 220 S.E.2d, at 670.

[6] The court also failed to advise about appeal rights, Code, 49-5-13(d), did not give access to investigative and social summaries, Code, 49-5-13(a), and did not make adequate findings of fact and conclusions of law on the record, Code, 49-5-1(d).

Code, 49-5-13(a), requires a copy of the State's investigative summary be given to a juvenile's counsel. When the juvenile represents himself, he is entitled to the summary.