514 S.E.2d 814

**In the Matter of HARRY W., 16 Years of Age.**

No. 25349.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 13, 1999.

Decided Feb. 19, 1999.

Anthony J. Sabatino, Esquire, Everhart, Brown & Snyder, Kingwood, West Virginia, Attorney for Harry W.

Darrell V. McGraw, Jr., Attorney General, Barbara H. Allen, Managing Deputy Attorney General, Charleston, West Virginia, Attorney for the State of West Virginia.

PER CURIAM:

This is an appeal by Harry W., a juvenile, from an order of the Circuit Court of Preston County, acting as the Juvenile Court, direct-

ing that he be committed to the Elkins Mountain School or to some similar facility. On appeal, Harry W. claims that the circuit court failed to follow the proper procedure in accepting his plea to, or admissions concerning, the charges in the petition filed against him. He also claims that the circuit judge abused his discretion in directing that he be committed to the Elkins Mountain School or to some similar facility.

## I.

### Factual Background

On April 24, 1997, a petition was filed in the Circuit Court of Preston County charging that Harry W. was a juvenile with a violent disposition and also charging that he had threatened to injure his mother, Robin C.W. The petition further alleged that as a result of Harry W.'s violent and abusive conduct, it was not safe for Harry W. to remain in his mother's home.

Following the filing of the petition, Harry W. was detained and sent to the Northern Regional Detention Center. While at that Center, a motion for an improvement period was filed in his behalf, and a psychological report was presented to the circuit court which indicated that Harry W. had expressed an interest in entering the so-called Mountain Challenge Academy at Camp Dawson, West Virginia. The psychologist who examined Harry W. suggested that the court place him in the Camp Dawson program, and further suggested that if the placement failed, the court might wish to place him in a group home facility.

In accordance with the recommendation in the psychological report, the circuit court on June 6, 1997 entered an order granting the improvement period. The court also directed that the physical custody of Harry W. be returned to his mother with the proviso that Harry W. "attend and successfully complete the Mountaineer Challenge Academy which begins on or about July 20, 1997. . . ."

Harry W. subsequently entered the Mountaineer Challenge Academy but apparently was unable to continue in the program because of a knee problem. As a consequence, he left the academy and returned to his mother's home and entered the public schools in Preston County.

On November 4, 1997, a petition was filed alleging that Harry W. had violated the terms of his improvement period by being suspended from school on at least three occasions. It also alleged that he had threatened his teachers with bodily harm, that he had made threats on his own life, that he had refused to follow the directions of his teachers, and that he had used abusive and profane language.

After the filing of the petition to revoke the improvement period, and after Harry W. had struck his brother in the head with a computer and injured him, Harry W. was again detained and sent to the Northern Regional Detention Center. Subsequently he was temporarily sent to the Samaritan House, a juvenile facility in Wheeling, West Virginia.

While Harry W. was in the Samaritan House, he was evaluated by another psychologist who concluded that he was suffering from Oppositional Defiant Disorder and from alcohol abuse. The psychologist recommended that he be placed in a residential facility where he would receive mental health intervention. The psychologist also stated that it was unlikely that Harry W. "will make changes in his life if he is returned home under the same conditions."

A hearing was conducted on December 18, 1997, and at that hearing Harry W., through his counsel, indicated that he wished to admit the charges contained in the petition filed against him. Subsequently, the circuit court on February 4, 1998 entered the dispositional order from which the present appeal is taken. In that order, the court temporarily placed Harry W. at the Samaritan House pending permanent placement at the Elkins Mountain School or some similar facility.

## II.

### Procedural Issue

As previously indicated, in the present appeal Harry W. claims that the circuit court failed to follow the proper procedures in accepting his plea to, or admissions con-

cerning, the charges contained in the petition filed against him.

The hearing at which the circuit court allegedly failed to follow the procedures occurred on December 18, 1997. At that hearing, the assistant prosecuting attorney who was representing the State asked the court to ascertain whether Harry W. admitted or denied the allegations contained in the petition. Thereupon the court turned to Harry W.'s attorney and asked her whether Harry W. admitted or denied the allegations of the petition. Harry W.'s attorney said: "Let me check one last time with my client. While he's sitting here, he's been vacillating, Your Honor." The attorney checked and indicated to the court that Harry W. did wish to admit the threats to his mother. She also indicated that she and Harry W. had gone over the petition that morning and that he understood his possible defenses and that he had a right to have a jury or the court determine the facts if he did not admit to the charge. Thereupon the circuit court accepted the admission and proceeded to take evidence on the dispositional question.

*W.Va. Code* 49–5–11 governs the procedure to be followed at an adjudicatory hearing in a case of this type. That statute provides, in relevant part:

> At the outset of an adjudicatory hearing, the court shall inquire of the juvenile whether he or she wishes to admit or deny the allegations in the petition. The juvenile may elect to stand mute, in which event the court shall enter a general denial of all allegations in the petition.
>
> (a) If the respondent juvenile admits the allegations of the petition, the court shall consider the admission to be proof of the allegations if the court finds: (1) The respondent fully understands all of his or her rights under this article; (2) the respondent voluntarily, intelligently and knowingly admits all facts requisite for an adjudication; and (3) the respondent in his or her admission has not set forth facts which constitute a defense to the allegations.

■ In addressing more fully what this statute requires, this Court stated in Syllabus Point 2 of *State ex rel. J.M. v. Taylor,* 166 W.Va. 511, 276 S.E.2d 199 (1981), that:

> A juvenile may not knowingly and intelligently admit or deny allegations against him unless the judge informs him of the nature of the charges, lesser included offenses, possible defenses, his constitutional and statutory rights, each constitutional right which is waived by the plea, and the maximum penalty to which he may be subjected.

It appears in the present case, and the State in its brief admits, that the trial judge did not inform Harry W. of the nature of the charges against him, of possible lesser included offenses, of possible defenses, of his constitutional or statutory rights, and of each right which would be waived by a plea. Further, the court did not advise him of the disposition to which he could be subjected. The court simply accepted the representations of Harry W.'s attorney suggesting that he wished to admit the charges and that he understood his rights and the consequences of his admission.

In *State ex rel. J.M. v. Taylor, Id.,* 166 W.Va. at 522, 276 S.E.2d at 205, this Court stated:

> Failure by a court to apprise a juvenile of charges against him, and about penalties and consequences of pleading (including those rights that are relinquished) makes an admission invalid as unintelligently made. [Footnote omitted.]

We believe that the procedure followed by the circuit court in the present case violated the requirements of *State ex rel. J.M. v. Taylor, Id.,* and that, consistent with the holding in that case, Harry W. must be remanded for an additional adjudicatory hearing at which the proper inquiries and colloquy should be conducted by the judge himself. We are particularly concerned in the present case that Harry W. was apparently wavering in his discussions with his attorney as to whether he wished to make an admission, and we believe that under such circumstances it is particularly incumbent upon the judge to address the juvenile directly to insure the voluntariness of the admissions made.

## III.

### *The Dispositional Question*

■ Harry W.'s second assertion on appeal is that the disposition made by the circuit court was inappropriate and that the circuit court did not consider what was in his best interest and the welfare of the public in making the dispositional order.

In this Court's view, the question of disposition in this case involves both questions of fact and law. As indicated in *Phillips v. Fox*, 193 W.Va. 657, 458 S.E.2d 327 (1995), the final order and the ultimate disposition in such a circumstance should be reviewed under an abuse of discretion standard. Further, the circuit court's underlying factual findings should be reviewed under a clearly erroneous standard.

■ Rather clearly, a judge in West Virginia has authority to make a facility-specific determination concerning a juvenile placement. Such authority is conferred by *W. Va. Code* 49-5-13(b), which states, in relevant part:

(4) Upon a finding that a parent or custodian is not willing or able to take custody of the juvenile, that a juvenile is not willing to reside in the custody of his parent or custodian, or that a parent or custodian cannot provide the necessary supervision and care of the juvenile, the court may place the juvenile in temporary foster care or temporarily commit the juvenile to the department ... or a child welfare agency....

(5) Upon a finding that the best interests of the juvenile or the welfare of the public require it, and upon an adjudication of delinquency pursuant to subdivision (1), section four [§ 49-1-4(1)], article one of this chapter, the court may commit the juvenile to an industrial home, correctional institution for juveniles, or other appropriate facility for the treatment, instruction and rehabilitation of juveniles: Provided, That the court maintains direction to consider alternative sentencing arrangements....

Furthermore, this Court has stated:

West Virginia Code § 49-5-13(b) (Supp. 1996) expressly grants authority to the circuit courts to make facility-specific decisions concerning juvenile placements.

Syllabus Point 1, *State v. Frazier*, 198 W.Va. 678, 482 S.E.2d 663 (1996).

In the present case, there was some evidence that while in his mother's home, Harry W. had made violent threats, that he had physically attacked his brother, and that he had demonstrated he was incapable of attending school in a satisfactory manner. The court granted an improvement period and attempted two dispositions of Harry W., which were intermediate between his remaining in his mother's home and his being sent to the Elkins Mountain School or some similar facility. The court had authorized and directed his attendance at the Mountaineer Challenge Academy and had also placed him in the Samaritan House in Wheeling. In both situations, Harry W. had been unable to cope. There were two psychological reports in the record which indicated that there were doubts as to whether he could thrive if returned to his family home, and the second report recommended that he be placed in a residential facility where he would receive mental health intervention, a facility such as the Elkins Mountain School.

In view of this evidence, we believe that it was within the authority and discretion of the circuit court to commit Harry W. to the Elkins Mountain School or some similar facility if the court had properly obtained an admission to the charges instituting this proceeding.

For the reasons set forth above, the judgment of the Circuit Court of Preston County is reversed, and this case is remanded with directions that the circuit court conduct a new adjudicatory hearing at which the judge himself engage in the colloquy prescribed by *W. Va. Code* 49-5-11 and *State ex rel. J. M.*, *supra*, in determining whether Harry W. wishes to admit the allegations contained in the petition against him. At the conclusion of such hearing, the circuit court is directed to make such disposition of the case as may

seem appropriate in light of the evidence adduced.

Reversed and remanded with directions.