236 S.E.2d 243 (1977)
James J. FOX
v.
The BOARD OF EDUCATION OF DODDRIDGE COUNTY et al.
No. 13920.
Supreme Court of Appeals of West Virginia.
July 15, 1977.
*244 *245 Stephen A. Wickland, Clarksburg, for appellant.
Lucien R. Sammons, Jr., West Union, for appellees.
HARSHBARGER, Justice:
James J. Fox, a West Virginia teacher for twenty-three years and employed by the Doddridge County Board of Education since 1958, was dismissed by the board for wilful neglect of duty because he missed a parent-teacher conference. He appealed to his circuit court, which affirmed and hence here.
The charges against him were set forth in a February 5, 1975 letter by the Doddridge County School Superintendent:
1. Failure to inform the high school principal of his intention to be absent from a scheduled parent-teacher conference held on January 29, 1975;
2. failure to attend the scheduled parent-teacher conference thereby not affording parents an opportunity to discuss mutual educational concerns of their children;
3. failure to provide an explanation of his absence to the school principal upon his arrival at school on January 30, 1975; and
4. failure to provide a valid excuse for his absence from the parent-teacher conference when requested to do so by the principal on January 30, 1975.
He was given a hearing by the board before he was fired by its unanimous vote, pursuant to W.Va.Code, 18A-2-8.
The evidence was undisputed that he did not attend the conference. There was considerable conflict about the other derelictions with which he was charged.
This Court does not sit a a super-Board of Education. We do not substitute our judgment for that of the school authorities of Doddridge County. We readily accept the degree of import which the superintendent and board ascribe to the parent-teacher conference and its role in public education and we understand the need for teacher discipline. However, what may be a wholly appropriate basis for one type of disciplinary action may not support another unduly severe and overbearing form of punishment.
Syllabus point 3 in Beverlin v. Board of Education of Lewis County, W.Va., 216 S.E.2d 554 (1975), states, "The authority of a county board of education to dismiss a teacher under W.Va.Code 1931, 18A-2-8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously."
We find that Fox was not deprived of any constitutional rights. The Court's analysis in Beverlin, supra, at 557 is applicable:
We do not believe this case has constitutional infirmities. Although the petitioner was deprived of a substantial contractual right, such state action as was taken by the superintendent and the Board of Education satisfied due process requirements. Beverlin was accorded actual notice, a meaningful (albeit unsuccessful) hearing, the opportunity to confront his accusers, assistance of counsel and the availabilities of remedies for review. In that regard, he cannot ask for more. We do not question that Beverlin is entitled to equal protection under the law. He is entitled to treatment that is customarily and regularly given to others in a similar position. James v. West Virginia Board of Regents, 322 F.Supp. 217 (S.D.W.Va.1971). Nevertheless, the fact that some other teachers occasionally left school, without prior permission, because of illness within their families ... does not demonstrate that Beverlin was treated differently and unfairly in comparison with others similarly situate. That evidence does not rise to a level necessary to substantiate a denial of equal protection.
*246 In this action, Fox was given actual notice, a meaningful hearing, the opportunity to confront his accusers, assistance of counsel and has exercised his right to judicial review.
Thus, the only question before us is whether his unexcused absence from the parent-teacher conference constituted wilful neglect of duty warranting his dismissal. We believe it did not for the simple reason that the punishment does not fit the misdeed. Unexcused absence from those occasions at which attendance is expected may be valid grounds for disciplinary action such as a temporary suspension from teaching responsibilities.[*] But it does not follow that the same recalcitrant conduct calls for permanent banishment of the errant teacher from the school system. Suspension, responsibly exercised, may be a reasonable means of maintaining order and authority over school board employees. Dismissal undoubtedly has therapeutic disciplinary qualities, but we believe that dismissal predicated upon an isolated incident of unexcused absence from a parent-teacher conference is so unduly severe as to be arbitrary and unreasonable.
Our determination involves balancing the wrong complained of against the strong contract interest a teacher of some twenty-three years has in continuing his lifetime profession. This approach is not new. Our Court has previously recognized that the teacher's rights must be considered. "A teacher may not be lightly shorn of the privileges for which he fairly contracted." White v. Board of Education of Lincoln County, 117 W.Va. 114, 125, 184 S.E. 264, 268 (1936). See also, Neal v. Board of Education of Putnam County, 116 W.Va. 435, 181 S.E. 541 (1935).
We do not attempt to formulate a comprehensive definition of "wilful neglect of duty" that would reasonably support a teacher's permanent dismissal. A continuing course of lesser infractions may well, when viewed in the aggregate, be sufficient. And we may envision a single act of malfeasance, whereby severe consequences are generated, that merits a dismissal.
Fox's absence caused inconvenience to parents expecting to confer with him at the scheduled conference and embarrassment to school authorities. But the harm caused was of comparatively small magnitude and dismissal was an unreasonable and arbitrary punishment. The record supports the board's and the court's finding that Fox misconducted himself. Some measure of discipline by way of suspension was appropriate.
We must therefore order Fox's reinstatement with back pay from February 20, 1975. We note that he was suspended without pay on January 31, 1975, and hold that the twenty day suspension which our ruling, in effect, levies, is an adequate disciplinary penalty for his misconduct.
Reversed and remanded.
Justice NEELY dissents for the reasons set forth in his dissenting opinion in Beverlin v. Board of Education, W.Va., 216 S.E.2d 554 at 559.
NOTES
[*] Fox argues that parent-teacher conferences are optional even though "[i]nstructors are encouraged to attend, are paid to attend, and must make up absences" in order to ensure that they fulfill the employment schedule mandated by W.Va.Code, 18-5-15. The question is not raised, nor do we decide whether attendance at parent-teacher conferences scheduled on week-day evenings is or should be mandatory or optional. Based on School Law Interpretations of the State Superintendent of Schools dated April 11, 1973 and August 29, 1973, we assume that attendance is optional. Mere optional attendance, however, would not relieve a teacher from his responsibility to cooperate with school administrators by informing them of his intention to attend or not attend and the reasons therefor.