TERESA DEVITO

*v.*

THE BOARD OF EDUCATION

COUNTY OF MARION, *et al.*

(No. 15277)

Decided December 18, 1981

Darrell W. Ringer for appellant.

*Charles E. Anderson,* Prosecuting Attorney for appellees.

PER CURIAM:

This is an appeal from a final judgment of the Circuit Court of Marion County which affirmed an order of the Board of Education of Marion County dismissing Teresa M. DeVito from her employment as a teacher on the grounds of willful neglect of duty. DeVito contends that the Board's action was arbitrary and capricious. Because a finding of fact as to DeVito's intent in committing the offense complained of was not made and is essential to determining the reasonableness of the board's action, we remand for a finding of fact as to whether DeVito's action

was intentional or merely inadvertent or careless.*

Teresa M. DeVito had been employed by the Marion County School Board as an art teacher for 18 years at the time of the incident which led to this action. It was her practice to pass out samples of art work to her students to be used as guides in their own work. In the spring of 1981, DeVito distributed to her eighth grade art class cartoons depicting a character known as 'Fritz the Cat" and showing figures in various stages of undress. The documents also contained numerous curse words. DeVito has consistently taken the position that the distribution of these cartoons was unintentional, claiming that she passed the cartoons out without previously examining them. The superintendent of schools, Mr. T. J. Pearse, contends that the distribution was with full knowledge of the contents of the materials. The board took no position in writing on the specific issue of DeVito's intent, and the trial court made no finding of fact in this regard in its memorandum of opinion.

DeVito claims that the board acted arbitrarily and capriciously in dismissing her, since the record did not support a finding of just cause to dismiss.

As we stated in Syllabus Point 3 of *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975):

> "The authority of a county board of education to dismiss a teacher under W.Va. Code (1931), 18A-2-8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously."

It is not clear from the record whether just cause to dismiss existed. As the trial court recognized, the proceedings before the School Board smacked of prejudgment against DeVito. It is important that the harsh remedy of dismissal of a teacher of eighteen years tenure not be exercised in the absence of a showing of just cause

___

* Our disposition of this assignment of error makes it unnecessary to discuss DeVito's remaining assignments of error.

and dismissal must be exercised reasonably, not arbitrarily or capriciously.

In determining whether just cause existed herein, and whether the authority of the School Board was exercised reasonably, and not arbitrarily or capriciously, we find that the proceeding below did not focus on Devito's knowledge and intent in distributing the materials. We consider DeVito's intent to be necessary to a judgment of the reasonableness of her punishment. A finding that she had passed out these documents with full knowledge of their contents may justify a more drastic remedy than would a finding that she had merely failed to review the items, and consequently distributed them, unaware of their contents.

Because no finding of fact was made on this issue, remand to the trial court is appropriate. *See, Trimboli v. Board of Education of the County of Wayne,* 163 W.Va. 1, 254 S.E.2d 561, 568 (1979). We therefore order that this case be remanded to the Circuit Court of Marion County for the purpose of hearing and determining whether DeVito's action occasioning her dismissal was intentional or merely inadvertent or careless. The circuit court shall enter an order deciding the reasonableness of the dismissal pursuant to its findings and according to the principles stated and directions given in this opinion.

*Remanded with
directions.*