398 S.E.2d 120

The **BOARD OF EDUCATION OF the COUNTY OF GILMER**

v.

**Howard M. CHADDOCK.**

No. 19085.

Supreme Court of Appeals of West Virginia.

July 25, 1990.

Delby B. Pool, Clarksburg, William B. McGinley, General Counsel, WVEA, Charleston, for Howard M. Chaddock.

Stephen A. Weber, Kay, Casto & Chaney, Charleston, for Board of Educ. of County of Gilmer.

## PER CURIAM:

Howard M. Chaddock appeals from a final order of the Circuit Court of Gilmer County, which reversed a decision by a West Virginia Education and State Employees Grievance Board hearing examiner reinstating Mr. Chaddock to his teaching position with the Gilmer County Board of Education (Board). Mr. Chaddock asserts that the circuit court erred because it made no finding that the hearing examiner's decision was clearly wrong, contrary to the law, arbitrary, capricious, or in any other respect exhibiting error which would warrant a reversal.

Mr. Chaddock had been employed as a teacher by the Board for nine years and was assigned as a sixth-grade language arts instructor at Normantown Elementary School on January 25, 1988, when Robert T.,[1] a student in his third-period class, brought a loaded revolver to class. Robert kept the gun hidden from his home room and early period teachers, but showed the weapon to approximately twenty students. None of the students reported the presence of the weapon to any school personnel. When Mr. Chaddock learned of the gun's presence, he asked Robert to give him the gun and then opened his desk drawer and asked Robert to place the gun in the desk. Robert refused to surrender the weapon.

The Board alleged that Mr. Chaddock did nothing else to separate Robert from the remainder of the class or from the weapon. Mr. Chaddock asserts that he attempted to protect the class and Robert by conducting the class in a normal manner and by keeping Robert calm and focused on him. Based on his experience with Robert, Mr. Chaddock thought that Robert would not intentionally harm his classmates. Any violence would occur only if Robert felt threatened.

Near the end of the class period, the school principal sent her secretary to the classroom to bring Robert to the office. A substitute teacher had advised the principal by a note that Robert might have a loaded gun. When the principal attempted to take the gun, Robert jumped back, aimed the loaded weapon at her, and ordered her to stay away. After a few tense moments, Robert turned and ran from the building.

Subsequently, the Board, upon the recommendation of the county superintendent and after a pretermination hearing, voted to dismiss Mr. Chaddock from employment for willful neglect of duty. Pursuant to W.Va.Code, 18A–2–8 (1985),[2] Mr. Chaddock

---

1. We follow our past practice in cases involving juveniles which involve sensitive facts and do not use the student's last name. *See, e.g., State ex rel. W.Va. Dep't of Human Serv. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987); *West Virginia Dep't of Human Serv. v. La Rea Ann C.L.,* 175 W.Va. 330, 332 S.E.2d 632 (1985); *State v. Ellsworth J.R.,* 175 W.Va. 64, 66 n. 1, 331 S.E.2d 503, 505 n. 1 (1985).

2. W.Va.Code, 18A–2–8, provides:

"Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubor-

requested a Level IV grievance hearing, which was held before a Grievance Board hearing examiner on March 15, 1988. In addition to the testimony taken before the hearing examiner, the parties stipulated that a transcript of the pretermination hearing be made a part of the record.

The hearing examiner found that when Robert T. openly brandished the loaded gun, Mr. Chaddock had a duty to protect all of his students, including Robert, from harm and to act in a reasonable manner under the circumstances. Because the school had no policy on handling such situations, Mr. Chaddock had to rely entirely on his own instincts. Further, during the pretermination proceedings and at the Level IV hearing, Mr. Chaddock had not been charged with endangering the students' lives, nor did the evidence show that they were ever actually threatened. Rather, at the pretermination hearing Mr. Chaddock's efforts at disarming Robert had been found insufficient and his reaction to the circumstances inadequate. The hearing examiner concluded that the Board had failed to show that Mr. Chaddock's conduct in a highly volatile, unpredictable classroom situation amounted to willful neglect of his duties and, therefore, found unwarranted the suspension without pay and dismissal from employment.

The Board appealed to the circuit court, which found that Mr. Chaddock had failed to take any positive action to alleviate the situation other than a few verbal requests to Robert T. to surrender the weapon. The court set forth Mr. Chaddock's duties as a teacher: to protect the other children in his class, a primary duty to attempt to separate Robert from the remainder of the class, and a secondary duty to separate him from the weapon. Having failed to carry out these duties, the circuit court found Mr. Chaddock had willfully neglected his duty within the meaning of W.Va.Code, 18A–2–8. It, therefore, reversed the deci-

sion of the hearing examiner and upheld Mr. Chaddock's dismissal.

■ As earlier noted, willful neglect of duty is one of the grounds for dismissal under W.Va.Code, 18A–2–8. We have traditionally employed the general test stated in the Syllabus of *DeVito v. Board of Educ.*, 173 W.Va. 396, 317 S.E.2d 159 (1984), with regard to the discharge of a teacher:

> " 'The authority of a county board of education to dismiss a teacher under W.Va.Code (1931), 18A–2–8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously.' Syllabus, *DeVito v. Board of Education of Marion County*, [169 W.Va. 53], 285 S.E.2d 411 (1981); Syllabus, *Fox v. Board of Education of Doddridge County*, 160 W.Va. 668, 236 S.E.2d 243 (1977); Syllabus Point 3, *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975)."

■ We have not made a precise definition of the term "willful neglect of duty." It encompasses something more serious than "incompetence," which is another ground for teacher discipline under W.Va. Code, 18A–2–8. The term "willful" ordinarily imports a knowing and intentional act, as distinguished from a negligent act. We made this statement in *Fox v. Board of Educ.*, 160 W.Va. 668, 672, 236 S.E.2d 243, 246 (1977):

> "We do not attempt to formulate a comprehensive definition of 'willful neglect of duty' that would reasonably support a teacher's permanent dismissal. A continuing course of lesser infractions may well, when viewed in the aggregate, be sufficient. And we may envision a single act of malfeasance, whereby severe consequences are generated, that merits a dismissal."

---

dination, intemperance or willful neglect of duty, but the charges shall be stated in writing served upon the employee within two days of presentation of said charges to the board. The employee so affected shall be given an opportunity, within five days of receiving

such written notice, to request, in writing, a level four hearing and appeals pursuant to provisions of article twenty-nine [§ 18–29–1 et seq.], chapter eighteen of the code of West Virginia, one thousand nine hundred thirty-one, as amended."

■ The parties do not disagree over the legal principle established by the hearing examiner and the circuit court that a teacher has a duty to exercise reasonable care to protect students in the classroom from those injuries which can be reasonably anticipated.[3] Oddly enough, we have not found a case where a teacher has been dismissed or otherwise disciplined for failing to disarm a student who is brandishing a dangerous weapon in the classroom.[4]

The only case that bears any factual analogy is *Wright v. Superintending School Comm., City of Portland*, 331 A.2d 640 (Me.1975), where a teacher was fired for bringing a gun and ammunition to school. The gun and ammunition was stolen from his outer jacket pocket. The teacher reported the theft to the principal and explained that he was a licensed gunsmith who repaired guns part time. He had picked up the gun at a store, and, after he arrived at school, he realized that he was carrying it in his pocket. He decided not to leave the gun and ammunition in his car since the locks were inoperable. The appeals court refused to uphold the dismissal.

■ Here, we do not believe the evidence supports the charge of willful neglect of duty. The most that can be said is that Mr. Chaddock may not have exhausted all of the opportunities to obtain the gun from the student. We, therefore, find that the Board's dismissal was arbitrary.

In *Rovello v. Lewis County Bd. of Educ.*, 181 W.Va. 122, 126, 381 S.E.2d 237, 241 (1989), we considered the "lack of a clear policy [covering the incident], the isolated nature of the appellant's offense, his otherwise [good] record, and the minimal harm to the school system, [and concluded]

that the Board of Education acted arbitrarily and capriciously in dismissing the appellant."

 We recognized in *Rovello* that while dismissal was too severe, a lesser sanction was not inappropriate. In this case, Mr. Chaddock was fired in February, 1988. We believe a one-year suspension without pay to be appropriate.

Reversed and remanded with instructions.

---

**3.** For a discussion of teacher liability for injuries to students, see Annot., 34 A.L.R.4th 228 (1984).

**4.** Several courts have considered the tort liability of teachers whose students were injured as a result of another student's use of a deadly weapon. In *Richard v. St. Landry Parish School Bd.*, 344 So.2d 1116 (La.App.1977), the teacher was found not to be liable as a matter of law where several students were cleaning a classroom and found a small paring knife. One of the students was cut over the eye while the teacher was out of the classroom.

Two other cases involved firearms that were being used in school plays. In one instance, someone had inserted a bullet in an unloaded gun, and the court found no liability. *Ferreira v. Sanchez*, 79 N.M. 768, 449 P.2d 784 (1969). In the other case, the teacher failed to supervise the removal of wadding, shot, and powder from a shotgun shell used in a school play and was found liable. *Wesley v. Page*, 514 S.W.2d 697 (Ky.1974).