506 S.E.2d 319

**Thomas P. HARRY, Appellant Below, Appellee,**

v.

**MARION COUNTY BOARD OF EDUCATION, Appellee Below, Appellant.**

No. 24792.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1998.

Decided July 6, 1998.

Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, for Appellant.

David R. Janes, Tharp, Liotta, Janes & Yokum, Fairmont, George P. Surmaitis, Crandall Pyles Haviland & Turner, LLD, Charleston, for Appellee.

McCUSKEY, Justice.

This is an appeal by the Marion County Board of Education from an order of the Circuit Court of Kanawha County reinstating Thomas P. Harry to a teaching position in the public schools of Marion County. The Board of Education had previously terminated Mr. Harry for violating its sexual harass-

ment policy. In the present appeal, the Board of Education claims that the termination was appropriate and that the circuit court, which affirmed a decision of a hearing examiner in a grievance proceeding instituted by Mr. Harry, erred in ordering the reinstatement.

## I.

## FACTUAL BACKGROUND

This proceeding grows out of the fact that the Marion County Board of Education, on March 11, 1996, terminated the employment of Thomas P. Harry, a social studies teacher at North Marion High School, for violating its sexual harassment policy. That policy stated that the Marion County Board of Education would not tolerate sexual harassment by any of its employees. The policy defined "conduct of a sexual nature," that is, conduct which could form the basis of sexual harassment, in the following manner:

> Conduct of a sexual nature may include, but is not limited to, verbal or physical sexual advances, touching, pinching, patting, or brushing against; comments regarding physical or personality characteristics of a sexual nature; sexually-oriented "kidding," "teasing," double-entendres, and jokes, and any harassing conduct to which an employee or student would not be subjected but for such person's sex.

The policy also established sanctions for sexual harassment:

> Any employee or other person subject to this policy found to have engaged in sexual harassment shall be subject to sanctions, including, but not limited to, warning or reprimand, suspension, or termination, subject to applicable procedural requirements.

Prior to actually terminating Mr. Harry, the Marion County Board of Education had written him on January 25, 1996, notifying him of its intent to terminate him and the reasons for doing so. In the letter the Board of Education charged Mr. Harry with, among other things, making repeated remarks of a sexual nature to students and fellow employees.

After his employment was terminated, Mr. Harry filed a grievance pursuant to the provisions of *W.Va.Code* § 18-29-1, *et seq.* The grievance culminated in a Level IV grievance hearing conducted on June 10, 1996, before an administrative law judge. At the conclusion of that hearing, at which extensive evidence was taken, the administrative law judge concluded that the Board of Education had proven by a preponderance of the evidence that Mr. Harry had engaged in the alleged acts of misconduct involving students, specifically that he had made repeated sexually-oriented remarks to students. The administrative law judge, however, proceeded to rule that:

> [M]isconduct alone does not always support a dismissal.... In the present case, dismissal is clearly disproportionate to the offense proven.... Given the nature of the actions, together with the harm incurred, it must be concluded that the Board acted arbitrarily and capriciously in dismissing Grievant. Nevertheless, the record lacks any evidence that the Board's action was malicious, and Grievant's wrongdoing merits a sanction. Considering all the circumstances of the case, Grievant should be reinstated, but without back pay or reimbursement of benefits or costs.

The administrative law judge also formally ruled that the Board of Education's termination of Mr. Harry was excessive.

The Board of Education appealed from the administrative law judge's ruling to the Circuit Court of Kanawha County, and the circuit court, after reviewing the record in this case and considering the arguments of the parties, ruled that the administrative law judge's findings of fact were not clearly wrong and that the questions of law were properly decided. The court, therefore, affirmed the administrative law judge's conclusions and ordered that Mr. Harry be reinstated. It is from that decision that the Board of Education now appeals.

## II.

## STANDARD OF REVIEW

Recently, in *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465

S.E.2d 399 (1995), this Court discussed the standard of review in cases such as the one presently under consideration. In that case, we stated that we accord deference to the findings of fact made below and that we must uphold any of the administrative law judge's factual findings that are supported by substantial evidence. We went on to say, however, that we review *de novo* the conclusions of law and the application of the law to the facts.

## III.

## DISCUSSION

As previously indicated, the administrative law judge, in the present case, found factually that Mr. Harry had engaged in acts of sexual misconduct involving his students. The circuit court, after reviewing the record, ruled that the administrative law judge was correct in making this finding. Our own review of the record shows that this finding was supported by substantial evidence. In the syllabus of *DeVito v. Board of Education*, 173 W.Va. 396, 317 S.E.2d 159 (1984), this Court stated:

"The authority of a county board of education to dismiss a teacher under W.Va. Code (1931), 18A-2-8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously." Syllabus, *DeVito v. Board of Education of Marion County*, 169 W.Va., 53, 285 S.E.2d 411 (1981); Syllabus, *Fox v. Board of Education of Doddridge County*, 160 W.Va. 668, 236 S.E.2d 243 (1977); Syllabus Point 3, *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975).

As indicated in *DeVito v. Board of Education, id.,* the Legislature, in enacting *W.Va.Code* § 18A-2-8, has specified when a board of education may terminate an employee. That *Code* section states, in relevant part:

Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge.

In *Golden v. Board of Education of County of Harrison*, 169 W.Va. 63, 67, 285 S.E.2d 665, 668 (1981), this Court attempted to define "immorality" within the meaning of *W.Va.Code* § 18A-2-8. The Court stated:

Immorality is an imprecise word which means different things to different people, but in essence it also connotes conduct "not in conformity with accepted principles of right and wrong behavior; contrary to the moral code of the community; wicked; especially, not in conformity with the acceptable standards of proper sexual behavior." (Citation omitted.)

It appears that, by proscribing comments of a sexual nature and sexually-harassing conduct in its sexual harassment policy, the Board of Education of Marion County has reiterated that immorality, as contemplated by *W.Va.Code* § 18A-2-8, is inappropriate, and by authorizing termination for such conduct, the policy has tracked what is authorized by *W.Va.Code* § 18A-2-8. In essence, the Court concludes that the portion of the Board's policy authorizing termination for violation of the policy conforms to, and is appropriate under, W.Va.Code § 18A-2-8.

Having reached this conclusion, the remaining question is whether the Board acted arbitrarily and capriciously in terminating Mr. Harry. The documents filed in this case show that in September or October, 1994, Mr. Harry commented to J.C., a female student, "I bet you look good in a swimsuit," or "I can't wait to see you in your speedo," or a very similar comment. Shortly, after making this comment, again in September or October, 1994, he was cautioned about making a comment of a sexual nature to a student. Later, in the early fall of 1995, H.S., another female student, reported that Mr. Harry had taken her from her class and proceeded to a stairwell where he had made her feel uncomfortable. A few weeks earlier, Mr. Harry had commented to the same student, "Good luck at the SEXionals," in reference to a volleyball tournament.

Further, there was evidence that on several occasions during roll call, Mr. Harry had pronounced a female student's name as "Erotica" rather than correctly as "Erica." Finally, a co-employee at North Marion High School, Joy Nestor Gaines, reported that Mr. Harry had told her that he was emotionally involved with a student.

In reviewing this, the Court notes that the record shows that Mr. Harry made not one sexual comment to one student, but that he made several, to several students, and he made comments after he was cautioned that they were inappropriate.

It appears that the administrative law judge and the circuit court did not consider the fact that students were subjected to sexually harassing remarks to be a sufficiently substantial basis for the Board of Education to terminate Mr. Harry's employment. This Court disagrees. Not only does *W.Va.Code* § 18A–2–8, authorize termination of employment for immorality, of which sexual harassment may be considered a species, but the Supreme Court of the United States has indicated that sexual harassment is a significant concern and that a school board, which receives federal funds, and which tolerates such conduct, violates federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 (Title IX). Further, toleration of such conduct by individuals in charge of the educational system can justify the imposition of monetary damages on the school board under Title IX. *See, Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992).

In this Court's opinion, a Board of Education has a duty to protect the students in its charge and to rectify conduct which clearly can constitute violation of federal law. As a consequence, misconduct by a school employee which can be characterized as sexual harassment, and which might harm its students, is a substantial concern and can constitute a basis for the termination of the offending employee's employment.

Having determined that sexual harassment is a substantial matter and that *W.Va.Code* § 18A–2–8 authorizes termination for it, and having examined the evidence on which the Board acted in this case, this Court concludes that the Marion County Board of Education did not act arbitrarily or capriciously in terminating Mr. Harry's employment and that the administrative law judge and the Circuit Court of Kanawha County erred in concluding that it did.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and this case is remanded with directions that Mr. Harry's termination be reinstated.

Reversed and remanded with directions.