# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joanna L. Costello,**
**Petitioner Below, Petitioner**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0039** (Kanawha County 12-AA-98)

**The Board of Education of the County**
**of Monongalia, Respondent Below,**
**Respondent**


## MEMORANDUM DECISION


Petitioner Joanna L. Costello, by counsel John Everett Roush, appeals the December 27, 2012, order of the Circuit Court of Kanawha County. The circuit court affirmed the July 31, 2012, decision of the West Virginia Public Employees Grievance Board (Grievance Board), denying petitioner's grievance following her termination from employment. Respondent Board of Education of the County of Monongalia, by counsel Denise M. Spatafore, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to her dismissal, petitioner was employed as an aide on a special education school bus assigned to morning, midday, and afternoon runs. Petitioner's position required her to monitor and assist special education students. The midday school bus run was approximately twenty minutes each way, transporting special education students from University High School to the Monongalia County Technical Education Center (MTEC) and back for a work program. Six students were assigned to ride the school bus on the midday MTEC run. On August 31 and September 1, four students were on the school bus.

A videotape from the school bus showed that on August 31 and September 1, 2011, two male students on the midday run engaged in sexual acts on one another over a ten to fifteen minute period. During both trips, petitioner talked with the school bus driver almost the entire trip, and talked to a girl student across the aisle from her occasionally. In addition to the boys who were engaging in sexual acts behind her, another disabled boy was sitting a few seats behind petitioner, and she also completely ignored him during the entirety of the bus trips on those two days. During the twenty minute bus trip, petitioner sat facing forward, turning around to observe what the students behind her on the bus were doing only one time, on August 31. On the bus trip on September 1, petitioner answered her cell phone and conducted personal business for about

1

two minutes. On September 1, toward the end of the bus ride, the bus driver asked the boys what they were doing. Only then did petitioner turn around to observe the activity behind her. Petitioner went back to see what the boys were doing and separated them immediately.

Petitioner was suspended, without pay, for this incident. Following a hearing before respondent, petitioner was terminated from her employment on December 12, 2011, for willful neglect of her duty in failing to monitor the students. Prior to the discharge, respondent had administered other disciplinary actions to petitioner including two suspensions and a written reprimand for misconduct.[1]

Following her termination, petitioner filed a grievance pursuant to West Virginia Code §§ 6C-2-4(a)(4) and 18A-2-8. On May 23, 2012, the Grievance Board held an evidentiary hearing conducted by an administrative law judge. By decision dated July 31, 2012, the Grievance Board found that petitioner willfully neglected her duty and denied her grievance. Specifically, the administrative law judge held that

> [petitioner] had been employed by [respondent] since 1979. She knew how to perform her duties, and what was expected of her. However, she sat facing forward talking to the bus operator and on her cell phone for almost the entire bus trip for two days, looking back to check on the three boys on the bus only one time. Further, there were not two girls on the bus that [petitioner] needed to watch as she stated in her testimony, there was only one girl sitting across from [petitioner], and [petitioner] paid very little attention to her. The "boy crazy" girl[2] was not, in fact, sitting behind [petitioner] on these two days as [petitioner] testified. *[Petitioner] basically spent the entire bus trip not working, but enjoying a conversation. This meets the definition of willful neglect of duty.* [Petitioner] was not entitled to a performance improvement period.

(Emphasis supplied). The administrative law judge also found that petitioner failed to demonstrate that the penalty imposed was excessive considering her prior disciplinary record.

---

[1]On May 10, 2010, at the end of the morning bus run, petitioner left the school bus as it arrived at the parking area because she was ill. She went straight to her car and left the parking area. The school bus driver then pulled to the parking space and left the school bus, not noticing that a student was still on the school bus. For this incident, respondent suspended petitioner without pay for twenty days.

On or about May 23, 2007, petitioner and the school bus driver took the school bus to a local mall to shop between runs. There was a controversy with security personnel from the mall over where the bus was parked. Thereafter, petitioner was accused of reporting a false incident to the police. Respondent suspended petitioner without pay for fifteen days following this incident.

On March 3, 2006, petitioner and the school bus driver went shopping between runs, using the bus as transportation. Petitioner received a written reprimand for this offense.

[2]A teacher from the school advised petitioner that one of the girls should be separated from the boys because the girl was "boy crazy."

2

Finally, the administrative law judge held that petitioner failed to demonstrate disparate treatment.

Petitioner filed an appeal of the Grievance Board's decision to the circuit court. By order entered December 27, 2012, the circuit court affirmed.

On appeal, petitioner raises three assignments of error. Petitioner contends that her conduct amounted to unsatisfactory performance and not willful neglect of duties. Petitioner argues that she should have been given notice of her deficiencies and an opportunity to improve prior to termination. Petitioner also asserts that she received disparate treatment compared to other transportation employees.

In the instant proceeding, we are asked to review an appeal from a circuit court order which upheld a decision of the Grievance Board. The standard of review applicable to a ruling of the Grievance Board is set forth in West Virginia Code § 6C-2-5.[3] In this regard, we have articulated the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge

[3]West Virginia Code § 6C-2-5 (formerly West Virginia Code § 18-29-7) states:

(a) The decision of the administrative law judge is final upon the parties and is enforceable in the circuit court of Kanawha County.
(b) A party may appeal the decision of the administrative law judge on the grounds that the decision: (1) Is contrary to law or a lawfully adopted rule or written policy of the employer; (2) Exceeds the administrative law judge's statutory authority; (3) Is the result of fraud or deceit; (4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(c) A party shall file the appeal in the circuit court of Kanawha County within thirty days of receipt of the administrative law judge's decision. The decision of the administrative law judge is not automatically stayed upon the filing of an appeal, but a stay may be granted by the circuit court upon a separate motion for a stay.
(d) The court shall review the entire record that was before the administrative law judge, and the court may hear oral arguments and require written briefs. The court may reverse, vacate or modify the decision of the administrative law judge, or may remand the grievance to the administrative law judge or the chief administrator for further proceedings.

are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus point 1, *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000).

"'A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18-29-1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong.' Syllabus Point 1, *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989)." Syllabus point 1, *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465 S.E.2d 399 (1995).

Syl. Pts. 1 and 2, *Kanawha Co. Bd. of Educ. v. Sloan*, 219 W.Va. 213, 632 S.E.2d 899 (2006).

This Court's appellate review is set forth in Syllabus Point 1 of *Huffman v. Goals Coal Company*, 223 W.Va. 724, 679 S.E.2d 323 (2009):

"On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A–5–4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus Point 1, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996).

Mindful of these principles, we proceed to consider petitioner's arguments.

Petitioner first contends that the circuit court erred in holding that her conduct constituted willful neglect of duty. This Court has held that willful neglect of duty constitutes a knowing and intentional act, rather than a neglect act. *Bd. of Educ. v. Chaddock*, 183 W.Va. 638, 640, 398 S.E.2d 120, 122 (1990). Willful neglect of duty encompasses something more serious than incompetence. *Id.* Furthermore, we noted in *Fox v. Board of Education of Doddridge County*, 160 W.Va. 668, 672, 236 S.E.2d 243, 246 (1977), that willful neglect of duty cannot be defined comprehensively. In some cases, termination of employment may be supported by evidence of a series of infractions, while in others "a single act of malfeasance, whereby severe consequences are generated," may warrant a dismissal." *Id.*

Based upon our review of the record, we conclude that the circuit court was not clearly wrong in holding that petitioner's conduct constituted willful neglect of duty. Petitioner was fully aware that it was her sole responsibility to supervise and care for the special needs children on the school bus. She abandoned that responsibility to enjoy a conversation with the school bus driver. Petitioner's decision to ignore the students entrusted to her care will undoubtedly result in severe and lasting consequences.

Petitioner next maintains that she should have been entitled to an evaluation and an opportunity to improve. We agree with the circuit court that an improvement plan or evaluation process was not appropriate in this case because petitioner was competent to perform her duties,

4

knew what was expected of her, but chose to ignore those responsibilities. Petitioner had been a school bus aide for over thirty years and was well aware of the need to visually supervise the students.

Finally, petitioner contends that termination of her employment was an inappropriate sanction considering the disposition of similar cases. We begin by noting that none of the other cases to which petitioner refers is, in fact, similar. None of the examples petitioner has cited involve a situation wherein an employee with responsibility for student supervision willingly ignored the students in his or her care for an extended period of time. With regard to petitioner's allegation that it was unfair for the school bus driver to receive a lesser punishment[4] than her for the incident, the circuit court correctly noted that the school bus driver's primary responsibility was to drive the bus. However, "the sole purpose for [petitioner's] presence on the bus was to monitor the children." The record reflects that petitioner has not shown a disparity in treatment. Therefore, we find this assignment of error to be without merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

---

[4]The circuit court noted that the school bus driver was suspended without pay for two days.