# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Chris Lancaster,**
**Respondent Below, Petitioner**

**vs.) No. 15-0554** (Kanawha County 14-AA-101)

**Ritchie County Board of Education,**
**Petitioner Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Chris Lancaster, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's May 12, 2015, order reversing the prior decision of the West Virginia Public Employees Grievance Board ("the Board"). Respondent Ritchie County Board of Education, by counsel Denise M. Spatafore and Jason S. Long, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in determining that the Administrative Law Judge ("ALJ") did not properly assess allegations of his past misconduct and in determining that petitioner's conduct was not correctable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by respondent as a school bus operator. In the Fall of 2013, respondent received complaints from parents regarding petitioner's inappropriate behavior and interactions with students who rode his bus. Upon investigation, respondent discovered several incidents of petitioner having inappropriate conversations with students that included name-calling and adult subject matter, along with safety concerns related to a lack of control of the students while the bus was in motion. Petitioner's personnel records further showed prior incidents involving poor judgment, improper behavior toward and with students, improper handling of student issues on the bus, and other safety issues, all of which resulted in written warnings to petitioner from his supervisor. As such, by letter dated December 18, 2013, respondent's superintendent suspended petitioner without pay and advised petitioner that he was seeking termination of petitioner's employment contract. Ultimately, in January of 2014, petitioner's employment was terminated for insubordination and willful neglect of duty.

In January of 2014, petitioner filed an expedited appeal to the West Virginia Public Employees Grievance Board, and an ALJ conducted a hearing on petitioner's grievance in July of 2014. By decision issued in September of 2014, the ALJ granted petitioner's grievance upon

1

findings that petitioner's behavior constituted correctable conduct and that petitioner was entitled to an evaluation and opportunity to improve prior to termination. Specifically, the ALJ found that petitioner's conduct did not constitute insubordination or willful neglect of duty but, rather, constituted unsatisfactory performance. In October of 2014, respondent appealed the decision to the circuit court, which reversed the Board's decision by order entered on May 12, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed *de novo*." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha Cty. Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Further, we have held that

> "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W. Va.Code, [6C–2–1], et seq. [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

Syl. Pt. 3, *Armstrong v. W.Va. Div. of Culture and History*, 229 W.Va. 538, 729 S.E.2d 860 (2012). Upon our review, the Court finds no error in the circuit court reversing the Board's prior decision.

First, petitioner argues that the ALJ properly assessed the allegations of his past misconduct, but that the circuit court erroneously overturned the ALJ's findings because it did not agree with the same. According to petitioner, this constitutes error because in order to overturn the ALJ's findings, the circuit court "had to find there was no evidence in the record in support of the [ALJ]'s decision . . . ." The Court, however, does not agree. As noted above, the proper standard is not that there was no evidence to support the ALJ's decision, but that the circuit court found the decision to be clearly wrong. The record clearly shows that the circuit court made this finding and specifically noted that the ALJ's decision "contain[ed] errors of both fact and law." The circuit court went on to find that the ALJ was presented with "probative evidence establishing [petitioner]'s consistent pattern of inappropriate behavior and failure to follow established rules, procedures and policies." Contrary to petitioner's argument that the circuit court simply disagreed with the ALJ's decision and that the ALJ "ha[d] discretion as to what weight to give evidence introduced into the record[,]" it is clear that the circuit court considered the same evidence presented in the grievance proceeding below and found that the

ALJ's decision was clearly wrong. As such, we find no error in regard to this assignment of error.

Next, petitioner argues that the circuit court erred in finding that his conduct was not correctable. In support, petitioner argues that the ALJ was correct in finding that his conduct constituted unsatisfactory performance and was, therefore, correctable. The Court, however, does not agree. According to West Virginia Code § 18A-2-8(a) and (b),

> a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge. A charge of unsatisfactory performance shall not be made except as the result of an employee performance evaluation pursuant to section twelve [§18A-2-12] of this article. The charges shall be stated in writing served upon the employee within two days of presentation of the charges to the board.

Further, in regard to an employee's performance, West Virginia Code § 18A-2-12a(b)(6), states that

> [a]ll school personnel are entitled to know how well they are fulfilling their responsibilities and should be offered the opportunity of open and honest evaluations of their performance on a regular basis and in accordance with the provisions of section twelve of this article. All school personnel are entitled to opportunities to improve their job performance prior to the termination or transfer of their services. Decisions concerning the promotion, demotion, transfer or termination of employment of school personnel, other than those for lack of need or governed by specific statutory provisions unrelated to performance, should be based upon the evaluations, and not upon factors extraneous thereto.

While it is true employees are entitled to an opportunity to improve unsatisfactory performance prior to termination, the circuit court in this matter specifically found that petitioner's conduct did not constitute unsatisfactory performance and was not correctable. We agree.

In discussing willful neglect of duty, we have stated that "[i]t encompasses something more serious than 'incompetence,'" and that it "ordinarily imports a knowing and intentional act, as distinguished from a negligent act." *Bd. of Educ. of Cty. of Gilmer v. Chaddock*, 183 W.Va. 638, 640, 398 S.E.2d 120, 122 (1990). Similarly, in discussing insubordination, we have stated that it "includes, and perhaps requires, a wil[l]ful disobedience of, or refusal to obey, a reasonable and valid rule, regulation, or order issued by the school board or by an administrative superior." *Butts v. Higher Educ. Interim Governing Bd./ Shepherd College*, 212 W.Va. 209, 212, 569 S.E.2d 456, 459 (2002). As such, in this case, the determination of whether petitioner's conduct constituted unsatisfactory performance or either willful neglect or insubordination turns on his training and the employee code of conduct.

3

The ALJ below specifically found that petitioner "was aware that there was a [c]ode of [c]onduct for employees, although he had not undertaken the effort to become familiar with it." The ALJ also found that petitioner "had certainly been trained that he was to conduct himself in a professional manner when interacting with students . . . ." Ultimately, however, the ALJ determined that "the broad concepts of the employee [c]ode of [c]onduct" were insufficient to find that petitioner "had an understanding of what is required to meet the standards" for the conduct to be considered insubordination. Basically, the ALJ found that petitioner's training in regard to the code of conduct and how he was to behave when interacting with students was not sufficiently explained to him such that his failure to follow the code of conduct could be considered willful neglect of duty or insubordination.

The circuit court, however, specifically found that petitioner "was untruthful in his testimony with regard to his knowledge of the [e]mployee [c]ode of [c]onduct" and further that respondent "proved . . . that, despite having provided numerous trainings and warnings about appropriate conduct, [petitioner] willfully engaged in prohibited behaviors." Ultimately, the circuit court concluded that the Board's decision was "erroneous in its conclusion that [petitioner's] behavior was correctable and should have been addressed through an improvement plan." As such, it is clear that the circuit court did not err in reversing the Board's decision on petitioner's grievance, as it was clearly wrong in light of the evidence presented. Accordingly, we find no error.

For the foregoing reasons, the circuit court's May 12, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

4